IxMcKAY, Judge.
I. STATEMENT OF THE CASE
Kendall Merricks was charged by bill of information on March 31,1997, with unauthorized entry into an inhabited dwelling, a violation of La. R.S. 14:62.3. At his arraignment on April 2, 1997, he pleaded not guilty. However, after trial on April 17, 1997, a six-member jury found him guilty as charged. He was sentenced on June 17, 1997, to serve five years at hard labor; his sentence was suspended, and he was placed on five years *809 active and supervised probation with special conditions.
At trial Keisha Baker of 919 Andry Street, apartment B, testified that the defendant had been her boyfriend for three months on December 30, 1996, when she told him she wanted to end the relationship. He had stayed at her apartment occasionally and kept some of his things there. After their conversation, the defendant gathered up his belongings, and Ms Baker drove him home. The next morning at 6 a.m. the defendant came back to her apartment and began knocking on the window. He asked to come into the apartment. Ms Baker would not let him come in, and he walked back and forth between the window and door. Then he began kicking the door. After he kicked it six or seven times, the door gave way. The defendant then demanded that Ms Baker give him back money she had received from him for food. When she said she did not have his money, he threatened to take her stereo. However, she gave him what money she had, and he took it and left. He also btook the receiver to her telephone so that she could not call the police; as he walked away, he threw it into a neighbor’s yard. After he left, Ms Baker called the police. She said the defendant never had a key to her apartment and he did not have her permission to enter the apartment when the relationship ended.
Officer Tokishiba Lane investigated the unauthorized entry on December 31, 1996. She saw a damaged doorframe and door. On the basis of Ms Baker’s report, the officer obtained an arrest warrant for the defendant.
Kendall Merricks, the twenty-seven year old defendant, testified that he met Ms Baker when they both worked at Sav-A-Center. Merricks said that he and Baker moved in together in an apartment behind her mother’s place. On December 30, 1996, the couple argued, but Merricks maintained that he did not realize the relationship was over. He had been drinking when he came back to the apartment at 6 a.m. on December 31st, and he wanted the $90 he had given Ms Baker.
Counsel filed a brief requesting a review for errors patent. Counsel complied with the procedures outlined by Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), as interpreted by this Court in State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990). Counsel’s brief complied with State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241.[1] Counsel’s detailed review of the procedural history of the case and the facts of the ease indicate a thorough review of the record. Counsel moved to withdraw because he believes, after a conscientious reyiew of the record, that there is no non-frivolous issue for appeal. Counsel reviewed available transcripts and found no trial court ruling bwhich arguably supports the appeal. A copy of the brief was forwarded to defendant, and this Court informed defendant that he had the right to file a brief on his own behalf. He did not do so.
As per State v. Benjamin, this Court performed an independent, thorough review of the pleadings, minute entries, bill of information, and transcripts in the appeal record. Defendant was properly charged by bill of information with a violation of La. R.S. 14:62.3, and the bill was signed by an assistant district attorney. Defendant was present and represented by counsel at arraignment, motion hearings, jury selection, trial, and sentencing. A review of the trial transcript reveals that the State proved the offense beyond a reasonable doubt. The sentence is legal in all respects. Our independent review reveals no non-frivolous issue and no trial court ruling which arguably supports the appeal. Defendant’s conviction and sentence are affirmed. Appellate counsel’s motion to withdraw is granted.
AFFIRMED.

. In her brief counsel considered and rejected all possible assignments of error in compliance with Jyles, she noted that the prosecution went beyond the scope of proper opening statement and that at trial every defense objection was sustained and every state objection was overruled.