BLOVE, Judge.
FACTS
Michael Battles was charged by bill of information on September 15, 1998, with possession of cocaine, a violation of La. R.S. 40:967(C). At his arraignment on September 22, 1998 he pleaded not guilty. Probable cause was found and the motion to suppress the evidence was denied on October 28, 1998. A trial on February 18, 1999, resulted in a hung jury. However, on March 4,1999, a six-member jury found him guilty as charged. He was sentenced on April 7, 1999 to serve five years at hard labor as a third offender under La. R.S. 15:529.1. The defendant’s motion for reconsideration of sentence was denied, and his motion for an appeal was granted.
At trial Officer Keith Ellis testified that he and his partner, Officer Louis Martinez, Jr., were on patrol in a marked police car on September 10, 1998, about 5:05 p.m. in an area known for illegal drug activity. In the 3500 block of Preston Place, the officers noticed a man standing on the sidewalk; as they approached him, he dropped an object to the ground and began to walk up the steps to a residence. He knocked on the door of the residence nervously. The officers stopped and Officer Martinez retrieved the object that had been dropped. It was ^.aluminum gum paper containing four rocks. The officers arrested Michael Battles. The parties stipulated that the rocks were tested and proved to be crack cocaine.
Herbert Gautier testified that he lives at 3521 Preston Place and knows the defendant from the neighborhood. He did not hear the defendant knocking on his door, but the defendant’s umbrella was found on his doorstep.
Counsel filed a brief requesting a review for errors patent. Counsel complied with the procedures outlined by Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), as interpreted by this Court in State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990). Counsel filed a brief complying with State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241. Counsel’s detailed review of the procedural history of the case and the facts of the case indicate a thorough review of the record. Counsel moved to withdraw because he *472 believes, after a conscientious review of the record, that there are no non-frivolous issues for appeal. Counsel reviewed available transcripts and found no trial court ruling which support the appeal. A copy of the brief was forwarded to defendant, and this Court informed him that he had the right to file a brief in his own behalf. Michael Battles has submitted an errors patent brief.
As per State v. Benjamin, supra, this Court performed an independent, thorough review of the pleadings, minute entries, bill of information, and transcripts in the appeal record. Defendant was properly charged by bill of information with a violation of La. R.S. 40:967(C), and the bill was signed by an assistant district attorney. Defendant was present and represented by counsel at arraignment, motion hearings, jury selection, trial and sentencing. A review of the trial transcript reveals that the State proved the offense beyond a reasonable doubt. The sentence is legal in all respects. Our independent review reveals no |snon-frivoIous issue and no trial court ruling which arguably supports the appeal.
DECREE
Defendant’s conviction and sentence are affirmed. Appellate counsel’s motion to withdraw is granted.
AFFIRMED AND MOTION TO WITHDRAW GRANTED.