1 WILLIAM H. BYRNES, III, Chief Judge.
Patricia A. Morgan was charged by bill of information on January 4, 2000, with solicitation of a crime against nature, a violation of La. R.S. 14:89(A)(2). At her arraignment on January 10th she pleaded not guilty. However, after trial on January 13th a six-member jury found her guilty as charged. The state filed a multiple bill, and on February 2nd after being advised of her Boykin rights, she was sentenced to serve forty months at hard labor as a triple offender under La. R.S. 15:529.1. The defendant’s motion for reconsideration of sentence was denied, and her motion for an appeal was granted.
At trial, Detective Frank Young testified that about 2:30 a.m. on November 22,1999, he was working as an undercover agent investigating prostitution on Tulane Avenue. The detective noticed the defendant because she was walking alone and trying to make eye contact with people in passing cars. The officer drove around the block so that she would see him, and she motioned to him. He stopped near her, and she opened the passenger door and got into his car. She asked if he was looking for a date, and he said he was. She then asked if he was a | ¡.policeman, and he said he was not. The officer began driving and she asked where he wanted to go. He suggested the cemetery, but she objected, noting “that’s where you get busted.” He next suggested Gravier Street, and she agreed to go there. She asked if he wanted “head” and when he said he did, she said the price was twenty dollars. At that the officer gave a signal to his backup team who pulled the ear over and arrested her.
Dr. Rafael Salcedo, a forensic clinical psychologist, testified for the defense. He stated that the Diagnostic and Statistical Manual of Mental Disorders, the basic textbook classifying psychiatric dysfunctions, does not list oral sex between consenting adults as symptomatic of a pathological disorder. Under cross-exam *950 ination, the doctor stated that he would not recommend that anyone solicit for oral copulation in exchange for compensation because such action is not consistent with a healthy life-style.
Counsel filed a brief requesting a review for errors patent. Counsel complied with the procedures outlined by Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), as interpreted by this Court in State v. Benjamin, 573 So.2d 528 (La.App. 4 Cir.1990). Counsel filed a brief complying with State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241. Counsel’s detailed review of the procedural history of the case and the facts of the case indicate a thorough review of the record. Counsel moved to withdraw because she believes, after a conscientious review of the record, that there is no non-frivolous issue for appeal. Counsel reviewed available transcripts and found no trial court ruling which arguably supports the appeal. A copy of the brief was forwarded to defendant, and this Court informed her that she had the right to file a brief in her own behalf. She has not done so.
As per State v. Benjamin, this Court performed an independent, thorough | ^review of the pleadings, minute entries, bill of information, and transcripts in the appeal record. Defendant was properly charged by bill of information with a violation of La. R.S. 14:89(A)(2), and the bill was signed by an assistant district attorney. Defendant was present and represented by counsel at arraignment, motion hearings, jury selection, trial, and sentencing. A review of the trial transcript reveals that the State proved the offense beyond a reasonable doubt. The sentence is legal in all respects. Our independent review reveals no non-frivolous issue and no trial court ruling which arguably supports the appeal. Defendant’s conviction and sentence are affirmed. Appellate counsel’s motion to withdraw is granted.

CONVICTION AND SENTENCE AFFIRMED; MOTION TO WITHDRAW GRANTED