1jLEON A. CANNIZZARO, JR., Judge.
The defendant, Jerald Martin, was charged by bill of information with simple possession of cocaine. Following a trial, the jury found Martin guilty of attempted simple possession of cocaine and the trial court sentenced him to serve one year at hard labor. The State filed a multiple bill, and Martin admitted to the allegations in the bill. The trial court adjudicated him a second felony offender, vacated his original sentence, and resentenced him to serve fifteen months at hard labor. Martin now appeals his conviction and sentence, requesting only a review of the record for errors patent.
FACTS
On the evening of January 8, 2002, police officers were on patrol in the Florida Housing Project, responding to Hot Line complaints of narcotics activity in the project. As Sergeant Kevin Stamps drove into the 2600 block of Alvar Street, he saw Martin look up at him and then quickly disappear around a building toward the courtyard. Sergeant Stamps radioed other officers in the area, describing Martin and the path he took.
12Petective Landries Jackson was walking through the courtyard of the project *1042 when he received Sergeant Stamps’ call. At that time, Martin came into view and turned toward a stairwell. As Detective Jackson followed him, he saw Martin drop an object and run into a stairwell. Detective Jackson stopped to retrieve the object, which was a bag containing eight individually wrapped pieces of what appeared to be crack cocaine. He then proceeded to the stairwell and apprehended Martin on the third floor.
The parties stipulated that the eight rock-like pieces found in the bag retrieved by Detective Jackson tested positive for cocaine.
LAW AND DISCUSSION
Counsel for Martin has filed a brief requesting a review of the record for errors patent. Counsel complied with the procedures outlined by Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), as interpreted by this Court in State v. Benjamin, 573 So.2d 528 (La.App. 4 Cir.1990). Counsel filed a brief complying with State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241. Counsel’s detailed review of the procedural history of the case and the facts of the case indicate a thorough review of the record. Counsel moved to withdraw because he believes, after a conscientious review of the record, that there is no non-frivolous issue for appeal. Counsel reviewed available transcripts and found no trial court ruling that arguably supports the appeal. A copy of the brief was forwarded to defendant, and this Court informed him that he had the right to file a brief in his own behalf. The defendant has not done so. Thus, this Court’s review is limited to errors patent on the face of the record. La.C.Cr.P. art. 920.
As per State v. Benjamin, this Court performed an independent, thorough Preview of the pleadings, minute entries, bill- of information, and transcript in the appeal record. Defendant was properly charged by bill of information with a violation of La. R.S. 40:967, and the bill was signed by an assistant district attorney. The defendant was present and represented by counsel at arraignment, during the trial, and at sentencing. The jury verdict and the defendant’s sentence are legal in all respects. Furthermore, a review of the trial transcript shows that the State provided sufficient evidence to prove beyond a reasonable doubt that the defendant attempted to possess cocaine, the lesser included verdict returned by the jury.
An independent review by this Court reveals no non-frivolous issue and no trial court ruling that arguably supports the appeal.
CONCLUSION
Accordingly, Martin’s conviction and sentence are affirmed. Appellate counsel’s motion to withdraw is granted.
AFFIRMED; MOTION TO WITHDRAW GRANTED.