978 So.2d 1027 (2008)
STATE of Louisiana
v.
Joseph KEYS.
No. 2007-KA-1430.
Court of Appeal of Louisiana, Fourth Circuit.
February 13, 2008.
Rehearing Denied April 23, 2008.
Keva Landrum-Johnson, District Attorney, Donna Andrieu, Assistant District Attorney, New Orleans, LA, for State of Louisiana.
Sherry Watters, Louisiana Appellate Project, New Orleans, LA, for Defendant, Joseph Keys.
(Court composed of Judge JAMES F. McKAY, III, Judge EDWIN A. LOMBARD, Judge LEON A. CANNIZZARO, JR.).
LEON A. CANNIZZARO, JR., Judge.
The defendant, Mr. Joseph Keys, appeals his conviction and sentence for simple possession of cocaine, requesting only a review of the record for errors patent. After reviewing the record in this case, we affirm his conviction and sentence.

FACTS AND PROCEDURAL HISTORY
On July 31, 2006, the State charged Mr. Keys with one count of simple possession of crack cocaine, a charge to which he subsequently pled not guilty. The court denied his motion to suppress the evidence, and on January 29, 2007, a six-person jury found him guilty as charged. The court initially sentenced him to serve thirty months at hard labor. After the State proved that Mr. Keys was a second offender, the court vacated his sentence and resentenced him as a second offender to serve thirty months at hard labor.
At trial, New Orleans Police Officers Demond Harris and LeJon Roberts testified that they were on proactive patrol on the evening of April 20, 2006. As they drove slowly through a parking lot of a strip shopping center in the 3600 block of MacArthur Boulevard, they saw Mr. Keys walk out of a clothing store. The officers testified that when Mr. Keys saw them approaching him, he looked startled and nervous, and he started looking right and left. He put his hand into his pocket and then withdrew it. He then dropped an object to the ground and began walking rapidly away from the officers. While one *1028 officer detained Mr. Keys, the other one retrieved the object that Mr. Keys had dropped. The object consisted of three rocks of what appeared to be crack cocaine, wrapped in plastic. The officers then arrested Mr. Keys for possession of cocaine. The parties stipulated that the rocks retrieved on the scene later tested positive for cocaine.

LAW AND DISCUSSION
By her sole assignment of error, counsel for Mr. Keys requests a review of the record for errors patent. Such review shows there are none. Counsel complied with the procedures outlined by Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), as interpreted by this Court in State v. Benjamin, 573 So.2d 528 (La.App. 4 Cir.1990). Counsel filed a brief complying with State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241. Counsel's detailed review of the procedural history of the case and the facts of the case indicate a thorough review of the record. Counsel moved to withdraw because she believes, after a conscientious review of the record, that there is no non-frivolous issue for appeal. Counsel reviewed available transcripts and found no trial court ruling that arguably supports the appeal. A copy of the brief was forwarded to Mr. Keys, and this Court informed him that he had the right to file a brief in his own behalf. He has not done so. Thus, this Court's review is limited to errors on the face of the record. La.C.Cr.P. art. 920.
As per State v. Benjamin, this Court performed an independent, thorough review of the pleadings, minute entries, bill of information, and transcripts in the appeal record. Mr. Keys was properly charged by bill of information with a violation of La. R.S. 40:967 C(2), and the bill was signed by an assistant district attorney. Mr. Keys was present and represented by counsel at arraignment, during the trial, and at sentencing. The jury's verdict and Mr. Keys' sentence are legal in all respects. Furthermore, a review of the trial transcript shows that the State provided sufficient evidence to prove beyond a reasonable doubt that Mr. Keys was guilty of possession of crack cocaine. Although trial counsel for Mr. Keys erroneously filed his motions for new trial and for post verdict judgment of acquittal after the court imposed the original sentence on Mr. Keys, in contravention of La.C.Cr.P. art. 853, counsel re-urged them and the court denied them before the court imposed the sentence as a multiple offender.
Our independent review reveals no non-frivolous issue and no trial court ruling that arguably supports the appeal.

DECREE
Accordingly, we affirm Mr. Keys' conviction and sentence, and we grant appellate counsel's motion to withdraw.
AFFIRMED; MOTION TO WITHDRAW GRANTED.