NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

08-200

STATE OF LOUISIANA

VERSUS

ALBERT J. BROWN

**********

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 69646
HONORABLE LESTER P. KEES, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Oswald A. Decuir, Michael G. Sullivan, and Billy H. Ezell, Judges.

CONVICTION AND SENTENCE AFFIRMED.
MOTION TO WITHDRAW GRANTED.

William E. Tilley
District Attorney
Thirtieth Judicial District Court
P.O. Box 1188
Leesville, LA 71496-1188
(337) 239-2008
COUNSEL FOR APPELLEE:
        State of Louisiana

Annette Fuller Roach
Louisiana Appellate Project
P.O. Box 1747
Lake Charles, LA 70602-1747
(337) 436-2900
COUNSEL FOR APPELLANT:
        Albert J. Brown

**DECUIR, Judge.**

The Defendant, Albert J. Brown, was indicted for second degree murder, a violation of La.R.S. 14:30.1. On September 10, 2007, the Defendant withdrew his prior plea of not guilty and pled guilty to the reduced charge of manslaughter, a violation of La.R.S. 14:31. Pursuant to a plea agreement, the State recommended a sentencing cap of twenty-five years and did not seek enhancement of the Defendant's sentence as an habitual offender.

The Defendant was sentenced on December 19, 2007, to twenty-five years at hard labor, to run concurrently with the sentence he was serving at the time of sentencing. A motion to reconsider sentence was filed on January 2, 2008 and denied without a hearing on January 4, 2008.

After this appeal was filed, appellate counsel for the Defendant filed a motion to withdraw as counsel of record. For the following reasons, we affirm the conviction and sentence and grant the motion to withdraw.

## FACTS:

The facts adduced at the Defendant's guilty plea hearing show that on January 27, 2006, the Defendant shot and killed his nephew, Jesse Weeks, following an altercation between Weeks and Aileen Cryer. Cryer is Weeks' grandmother and the Defendant's mother.

## *ANDERS* ANALYSIS:

Pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), the Defendant's appellate counsel has filed a brief stating she could find no errors on appeal that would support reversal of the Defendant's conviction or sentence. Thus, counsel seeks to withdraw.

In *State v. Benjamin*, 573 So.2d 528 (La.App. 4 Cir. 1990), the fourth circuit explained the *Anders* analysis:

When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

*Id.* at 531.

Appellate counsel for the Defendant argues that she reviewed the Defendant's appellate record and can find no errors on appeal which would support a reversal of the Defendant's guilty plea. Additionally, counsel notes that the Defendant, a first felony offender at the time of his plea, received a midrange sentence for a crime of violence for which probation was not an option and that his sentencing exposure as a result of his plea was reduced from life imprisonment to a maximum sentence of forty years. Counsel also asserts that as part of the plea agreement, Defendant's sentencing exposure was further reduced with the State's recommendation of a twenty-five-year cap, a recommendation to which the trial court was not bound. Lastly, counsel points out that the Defendant, in his motion to reconsider sentence, did not specify any mitigating factors which were not properly considered by the trial court at sentencing and that, even if preserved for appeal, the factors would not likely warrant the reversal of his midrange sentence.

Pursuant to *Anders* and *Benjamin*, we have thoroughly reviewed the record, including pleadings, minute entries, the charging instrument, and the transcripts and

2

have confirmed the statements asserted by appellate counsel. The Defendant was properly charged by a grand jury in a true bill and was present and represented by counsel at all crucial stages of the proceedings. Additionally, the Defendant's sentence is legal, is within the appropriate range for manslaughter, and is in conformity with the State's sentencing recommendation in his plea agreement.

In *State v. Jyles*, 96-2669 (La. 12/12/97), 704 So.2d 241, the supreme court stated, "Counsel must demonstrate to the appellate court by full discussion and analysis that he has cast an advocate's eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration." Considering same, we find that appellate counsel fulfilled her obligation as stated in *Jyles*.

We have found no issues which would support an assignment of error on appeal. In accordance with La.Code Crim.P. art. 920, we have also reviewed this appeal for errors patent on the face of the record and have found none. Accordingly, the Defendant's conviction and sentence are affirmed, and counsel's motion to withdraw is granted.

**CONVICTION AND SENTENCE AFFIRMED. MOTION TO WITHDRAW GRANTED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.

# COURT OF APPEAL, THIRD CIRCUIT

## STATE OF LOUISIANA

## 08-200

**STATE OF LOUISIANA**

    **Plaintiff-Appellee**

**VERSUS**

**ALBERT J. BROWN**

    **Defendant-Appellant**

On Appeal from the Thirtieth Judicial District Court, Docket Number 69646, Parish of Vernon, State of Louisiana, Honorable Lester P. Kees, Judge.

_____ **O R D E R**

    After consideration of appellate counsel's request to withdraw as counsel and the appeal presently pending in the above-captioned matter:

    IT IS HEREBY ORDERED that appellate counsel's motion to withdraw is granted.

    THUS DONE AND SIGNED this _____ day of _____, 2008.

                      COURT OF APPEAL, THIRD CIRCUIT

                      _____
                      Judge Oswald A. Decuir

                      _____
                      Judge Michael G. Sullivan

                      _____
                      Judge Billy H. Ezell