BROWN, Chief Judge.
 

 | defendant, Deric Isreal, pled guilty to armed robbery with a sentencing cap of 20 years. He was sentenced to 17 years at
 
 *570
 
 hard labor without benefit of parole, probation, or suspension of sentence.
 

 The facts read into the record at defendant’s guilty plea showed that on September 18, 2006, defendant entered the rear door of a Quick Stop convenience store in Webster Parish armed with a handgun and, once inside, went into the office of the manager, Brenda Wright, and threatened her with the gun, stating that “this can be a robbery or a murder.” Ms. Wright gave defendant $7,855.33, and defendant fled from the store to a waiting car. Several days later, police received a tip that defendant was the robber; thereafter, the victim identified defendant from a photo lineup.
 

 The trial court appointed a sanity commission to examine defendant, who has a history of schizophrenia. In accordance with the resulting medical reports, the court concluded that defendant was competent to assist his attorney and understand the proceedings.
 

 Defendant accepted the state’s offer of a sentencing cap of 20 years and agreed to testify at the trial of his accomplice who drove him from the scene. Defendant’s plea did not reserve any pretrial issues for review on appeal under
 
 State v. Crosby,
 
 338 So.2d 584 (La.1976). At sentencing the court noted defendant’s history of mental illness but also an extensive criminal history including at least two prior felony convictions. Defendant’s motion to reconsider sentence was denied.
 

 Defendant’s appellate counsel has filed a brief pursuant to
 
 Anders v. California,
 
 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), urging Lthat there are no non-frivolous issues to raise on appeal. The brief outlines the procedural history of the case, the factual basis for defendant’s plea, and the sentence imposed. The brief also contains “a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place.”
 
 See State v. Jyles,
 
 96-2669 (La.12/12/97), 704 So.2d 241. The record reflects that defendant’s appellate counsel has verified that she mailed a copy of her motion to withdraw and a copy of the brief to defendant. This court also notified defendant of his right to file a pro se brief.
 

 We have closely reviewed the record and agree that this appeal presents no non-frivolous issues. The conviction is fully supported by a factual basis stated on the record by the assistant district attorney.
 
 See
 
 La. C. Cr. P. art. 894.1. The sentence of 17 years at hard labor without benefit of probation, parole or suspension of sentence is in conformity with the plea agreement which was set forth in the record at the time of defendant’s guilty plea. Thus, no appeal is allowed.
 
 See
 
 La. C. Cr. P. art. 881.2(A)(2). There are no errors patent on the face of this record.
 
 See
 
 La. C. Cr. P. art. 920(2).
 

 Conclusion
 

 Accordingly, appellate counsel’s motion to withdraw is granted, and defendant’s conviction and sentence are AFFIRMED.