STATE OF LOUISIANA
v
ERNIE J. GAUTREAU, JR.
No. 2008 KA2132
Court of Appeals of Louisiana, First Circuit.
March 27, 2009.
Not Designated for Publication
ANTHONY FALTERMAN, District Attorney, DONALD CANDELL, Assistant District Attorney, Counsel for Appellee, State of Louisiana.
MARY ROPER, Counsel for Defendant/Appellant, Ernie Gautreau.
Before: CARTER, C.J., WHIPPLE and DOWNING, JJ.
CARTER, C.J.
The defendant, Ernie J. Gautreau, Jr., was charged by bill of information with simple burglary in violation of La. R.S. 14:62. The defendant entered a plea of not guilty. A unanimous jury found the defendant guilty as charged. The defendant moved for a post verdict judgment of acquittal and for a new trial. The trial court denied both motions. The defendant subsequently was sentenced to imprisonment at hard labor for ten years. The defendant now appeals. For the reasons that follow, we affirm the conviction and sentence.

FACTS
James Jones had recently withdrawn money from the bank, bought a truck, and was storing approximately $26,000 inside a bag in his vehicle. On July 9, 2006, Jones visited the defendant at his residence. That same day, Jones drove the defendant to the store and then to another location to purchase drugs. At the drug location, Jones gave the defendant $200.00 to purchase the drugs. Jones and the defendant returned to the defendant's residence and started watching television. Shortly thereafter, the defendant went outside. Moments later, the defendant's girlfriend, Chare Maxwell, entered the residence and told Jones that the defendant had just run into the woods. Upon approaching his vehicle, Jones noticed that the passenger-side rear window was broken. The bag with the money was gone.
The defendant's brother agreed to help Jones locate the defendant to get his money back. The defendant's mother asked Jones to refrain from reporting the matter to the police and to afford them an opportunity to try to get the money back from the defendant. Because he had been acquainted with the family for over thirty years, Jones agreed to give them some time to get the money back.
A few days later, the defendant's father, Ernie Sr., contacted Jones, told him that he had recorded a personal conversation with the defendant, and asked Jones to pick up the tape to give to detectives. On the tape, the defendant was bragging to his father about spending the money. On July 11, 2006, Jones reported the matter to the police and turned over the tape-recorded conversation. The tape was introduced into evidence for the limited purpose of informing the jury of the statements made by the defendant, and the jury read the defendant's comments as part of a redacted transcript.

ASSIGNMENT OF ERROR
Defense counsel has filed a motion to withdraw from the case. In accordance with the procedures outlined in Anders v. California, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967); State v. Jyles, 96-2669 (La. 12/12/97), 704 So.2d 241, 241-242 (per curiam); and State v. Benjamin, 573 So.2d 528, 530 (La. App. 4th Cir. 1990), defense counsel has filed a brief indicating that, after a conscientious and thorough review of the record, this case presents no non-frivolous issues for appeal.[1]
A copy of defense counsel's brief and motion to withdraw were sent to the defendant. Defense counsel informed the defendant of his right to file a pro se brief on his own behalf. The defendant has not filed a pro se brief with this court.
This court has performed an independent, thorough review of the record in this matter, including a review for error under La. Code Crim. P. art. 920(2). We have found no reversible errors. Furthermore, we agree with counsel's assertion that there are no non-frivolous issues or trial court rulings that arguably support this appeal. Accordingly, the defendant's conviction and sentence are affirmed. Defense counsel's motion to withdraw is granted.
CONVICTION AND SENTENCE AFFIRMED. MOTION TO WITHDRAW GRANTED.
NOTES
[1] In State v. Mouton, 95-0981 (La. 4/28/95), 653 So.2d 1176, 1177 (per curiam), the Louisiana Supreme Court sanctioned the procedures outlined in Benjamin for use by the appellate courts of Louisiana. See Jyles, 704 So.2d at 241.