JAMES F. McKAY, III, Chief Judge.
| Ferrell Dorsey appeals his convictions and sentences for attempted possession of heroin and cocaine and for two counts of resisting an officer with force or violence, requesting a review of the record for patent errors only. Finding no patent error, we affirm his convictions and sentences.
On October 21, 2011, the State of Louisiana charged Terrell Dorsey with one count each of possession of cocaine and possession of heroin. In the same bill of information, the State charged Mr. Dorsey with two counts of resisting an officer with force or violence. Mr. Dorsey subsequently pled not guilty to all counts. On May 9, 2012, a twelve-person jury found him guilty of attempted possession of heroin and cocaine and guilty as charged in both counts of resisting an officer. Mr. Dorsey filed motions for new trial, post-verdict judgment of acquittal, and in arrest of judgment. The court denied each of these motions on June 1, 2012. Mr. Dorsey waived all delays, and the court sentenced him to serve two years on the cocaine count, four years on the heroin count, and three years on each of the resisting counts, the sentences to be served at hard labor and concurrently with each other. The court granted Mr. Dorsey’s motion for appeal. The State filed a multiple bill charging Mr. Dorsey as a second felony offender as |2to the heroin count. On August 3, 2012, Mr. Dorsey pled guilty to the multiple bill. The court vacated the heroin sentence and sentenced Mr. Dorsey to serve four years at hard labor as a second offender.
The charges against Mr. Dorsey arose out of his arrest on the afternoon of October 7, 2011. Police officers on patrol saw Mr. Dorsey and another man walk out of an alleyway next to an abandoned house at 1325 Frenchmen Street. The men sepa *816 rated as they saw the police unit approaching them; the other man walked across the street and got on a bicycle, while Mr. Dorsey quickly walked toward a gate next to 1819 Frenchmen. The officers noticed that he had his right hand clenched. While one officer stopped the other man, Detectives Carwile and Elsensohn identified themselves as police officers and ordered Mr. Dorsey to stop. Mr. Dorsey ignored the officers and increased his pace until he entered the gate at 1319 Frenchmen. As Detective Carwile reached to grab Mr. Dorsey’s shoulder to detain him, Mr. Dorsey threw down a white napkin that he had in his clenched hand. The napkin opened, and ball of tinfoil fell from it. When Detective Carwile grabbed Mr. Dorsey’s shoulder, Mr. Dorsey reached back and hit Detective Carwile in the head. As the two men struggled, with the gate between them, Detective Elsensohn entered the gate. Mr. Dorsey released Detective Carwile and squared off in front of Detective Elsensohn. Detective Carwile then came through the gate and tackled Mr. Dorsey, and the men fell to the ground. During the ensuing struggle on the ground while the officers attempted to handcuff Mr. Dorsey, he hit both officers several times. The officers eventually were able to handcuff him.
Once Mr. Dorsey was subdued, Detective Elsensohn retrieved the ball of tinfoil; by that time, the napkin had blown away. Inside the ball was a small tinfoil | ¡¡packet containing a brown powder, as well as two individually-wrapped pieces of what appeared to be crack cocaine. The officers arrested Mr. Dorsey, and in a search incidental to his arrest, they seized a digital scale that he had in his pocket. The officers also issued affidavits to both men for trespassing at the abandoned house.
The officers questioned Dafney Williams, who lived at 1319 Frenchmen, and she consented to a quick search of the residence, but no contraband was found inside the residence. The officers testified that the woman told them that Mr. Dorsey did not live there but often visited her there.
The parties stipulated that the brown powder found inside the tinfoil packet tested positive for heroin and that the two rock-like substances tested positive for cocaine. Testing of residue found on the scale was negative for illegal drugs.
The defense called Ms. Williams, who stated that she was Mr. Dorsey’s girlfriend, and that both of them lived at 1319 Frenchmen. She testified that at the time of Mr. Dorsey’s arrest, she was inside the residence, and she heard what sounded like a scuffle outside. She went to the door and saw two policemen standing over Mr. Dorsey, who was handcuffed and lying on the ground. She denied seeing either officer pick up any tinfoil from the ground. She stated that she consented to a search of the residence, and one officer quickly conducted the search, finding nothing. On cross-examination, she admitted that she did not see the beginning of the struggle between the officers and Mr. Dorsey. She also stated that the search by one of the officers chiefly consisted of him briefly opening a few drawers in the bedrooms.
By his sole assignment of error, Terrell Dorsey requests a review of the record for errors patent. Counsel complied with the procedures outlined by Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), as interpreted by this Court in State v. Benjamin, 573 So.2d 528 (La.App. 4 Cir.1990). Counsel filed a brief complying with State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241. Counsel’s detailed review of the procedural history of the case and the facts of the case indicate a thorough review of the record. Counsel moved to withdraw because he believes, after a conscientious review of the record, *817 that there is no non-frivolous issue for appeal. Counsel reviewed the record and found no trial court ruling that arguably supports the appeal. A copy of counsel’s brief was forwarded to Mr. Dorsey, and this Court informed him that he had the right to file a brief in his own behalf. He has not done so. Thus, this Court’s review is limited to errors on the face of the record. La.C.Cr.P. art. 920.
As per State v. Benjamin, this Court performed an independent, thorough review of the pleadings, minute entries, and the bill of information in the appeal record. Mr. Dorsey was properly charged by bill of information with one count each of possession of heroin and cocaine and with two counts of resisting an officer with force or violence, violations of La. R.S. 40:967, 40:966, and 14:108.2 respectively. The bill of information was signed by an assistant district attorney. Mr. Dorsey was present and represented by counsel at arraignment, during trial, and at sentencing. The jury’s verdicts of guilty of attempted possession of cocaine and heroin and guilty as charged of both counts of resisting an officer with force or violence are legal in all respects, as are Mr. Dorsey’s sentences. Furthermore, a review of the trial transcript shows that the State provided sufficient evidence to prove beyond a reasonable doubt that Mr. Dorsey was guilty of attempted possession of heroin and cocaine and of resisting an officer with force or violence.
IfiOur independent review reveals no non-frivolous issue and no trial court ruling that arguably supports the appeal. Therefore, we affirm Terrell Dorsey’s convictions and sentences. We also grant appellate counsel’s motion to withdraw.
AFFIRMED; MOTION GRANTED