704 So.2d 241 (1997)
STATE of Louisiana
v.
Emanuel JYLES.
No. 96-KO-2669.
Supreme Court of Louisiana.
December 12, 1997.
PER CURIAM.[*]
Granted. The decision of the court of appeal affirming relator's convictions and sentences is reversed and this case is remanded for rebriefing and reconsideration.
In State v. Mouton, 95-0981, p. 2 (La. 4/28/95), 653 So.2d 1176, 1177, this Court sanctioned the procedures outlined in State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir. 1990), for use by the appellate courts of Louisiana because the brief filed on behalf of the indigent defendant by appointed counsel provided "a detailed discussion of various aspects of the case, including sufficiency of the evidence, the lack of objection to any of the testimony presented at trial, and the adequacy of the trial court's compliance with Louisiana's Sentencing Guidelines." We were therefore satisfied in Mouton that the defendant had had "`the benefit of what wealthy defendants [contemplating an appeal] are able to acquire by purchasea diligent and thorough review of the record and an identification of any arguable issues revealed by that review....'" Id. (quoting McCoy v. Court of Appeals of Wisconsin, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988)).
In this case, although the procedural statement of the proceedings below and the summary of the evidence presented at trial indicate that counsel read through the record, his conclusory request that the court of appeal "review the record for errors patent," in connection with another conclusory statement that "counsel, after a conscientious and thorough review of the trial record, can find no non-frivolous issues to raise on appeal and no ruling of the trial court which arguably supports the appeal" does not provide the same assurance. An Anders brief need not catalog tediously every meritless objection made at trial or by way of pre-trial motions with a labored explanation of why the objections all lack merit. See Jones v. Barnes, 463 U.S. 745, 752-53, 103 S.Ct. 3308, 3313-14, 77 L.Ed.2d 987 (1983) ("There can hardly be any question about the importance of having the appellate advocate examine the record with a view to selecting the most promising issues for review.... [I]mpos[ing] on appointed counsel a duty to raise every `colorable' claim suggested by a client would disserve the very goal of vigorous and effective advocacy that underlies Anders"). Nevertheless, "[u]nlike the typical advocate's brief in a criminal appeal, which has as its sole purpose the persuasion of the court to grant relief," the Anders brief must "assure the court that the indigent defendant's constitutional rights have not been violated." McCoy, 486 U.S. at 442, 108 S.Ct. at 1903. Counsel must demonstrate to the appellate court by full discussion and analysis that he has cast an advocate's eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration. See United States v. Pippen, 115 F.3d 422, 426 (7th Cir.1997) (a brief which offers "no hint of a discussion of arguments that might be raised and why counsel believes them to be frivolous" does not comply with Anders and its progeny); United States v. Urena, 23 F.3d 707, 708-09 (2nd Cir.1994) ("A naked statement that no non-frivolous issues exist, without analysis or a discussion of the record, is inadequate to fulfill counsel's obligations under Anders "). Independent review of the record by the appellate court, or the opportunity of the defendant to file his own brief, while providing important and necessary *242 safeguards, cannot substitute for the essential equal protection requirement that appointed counsel representing an indigent defendant "act in the role of an active advocate in behalf of his client, as opposed to that of amicus curiae." Anders v. California, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967).
Accordingly, while we confirm our general endorsement of Benjamin, we emphasize that the brief filed by counsel must review not only the procedural history of the case and the evidence presented at trial but must also provide, as did the advocate's brief in Mouton, "a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place." Id., 653 So.2d at 1177.
This case is therefore remanded to the court of appeal for further proceedings in accord with the remarks herein.
KIMBALL and VICTORY, J., would deny the writ.
KNOLL, J., dissents for reasons I authored in State v. Mouton, 94-1074 (La.App. 3 Cir. 4/12/95), 653 So.2d 1360.
NOTES
[*] LEMMON, J., not on panel. See Rule IV, Part II, Sec. 3.