liMcKAY, Judge.
Roland J. Naquin was charged by bill of information on October 20, 1995, with simple burglary, a violation of La. R.S. 14:62, and with possession of stolen things worth more than $500, a violation of La. R.S. 14:69(B)(1). At his arraignment on November 6, 1995, he pleaded not guilty. However, on March 26, 1996, he withdrew his earlier plea and enter a plea of guilty to both charges. He was sentenced on September 18, 1996, to serve eight years at hard labor on each count with credit for time served since his arrest; the sentences are to run concurrently.
The facts as adduced from the police report and the statement given by the defendant immediately after his arrest and his having been given his Miranda rights are as follows. About midnight on October 7, 1995, the defendant was apprehended in the Comet Construction Company in Belle Chasse after a silent alarm alerted the police that one of the metal doors at the rear of the building-had been tampered with. The defendant was hiding in the kitchen of the building; it appeared that he had been trying to pry open a vending machine. Outside the rear door of the building, a 1994 Dodge truck was parked; it belonged to Tim Wilkerson who had not given the defendant permission to drive it.
When the defendant pleaded guilty, he asserted that he had no prior convictions and asked if he would be eligible for probation; the trial court made no commitment as to probation and ordered a pre-sentence investigatory report. That report revealed the defendant had a criminal record and in fact was on probation for simple burglary of an inhabited dwelling when he was arrested for this offense.
Counsel filed a brief requesting a review for eirors patent. Counsel ^complied with the procedures outlined by Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), as interpreted by this Court in State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990). Counsel filed a supplemental brief and complied with State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241. Counsel’s detailed review of the procedural history of the case and the facts of the case indicate a thorough review of the record. Counsel moved to withdraw because he believes, after a conscientious review of the record, that there is no non-frivolous issue for appeal. Counsel reviewed available transcripts and found no trial court ruling which arguably supports the appeal. A copy of the brief was forwarded to defendant, and this Court informed defendant that he had the right to file a brief on his own behalf. He did not do so.
As per State v. Benjamin, this Court performed an independent, thorough review of the pleadings, minute entries, bill of information, and transcripts in the appeal record. Defendant was properly charged by bill of information with violations of La. R.S. 14:62 and R.S. 14:69, and the bill was signed by an assistant district attorney. Defendant was present and represented by counsel at arraignment, motion hearings, the plea, and sentencing. The sentence is legal. Our independent review reveals no non-frivolous issue and no trial court ruling which arguably supports the appeal.
Accordingly, the defendant’s conviction and sentence are affirmed. Appellate counsel’s motion to withdraw is granted.
AFFIRMED.