J^BYRNES, Chief Judge.
On March 19, 2001, Bernetta Boisseau was charged by bill of information with possession of cocaine in violation of La. R.S. 40:967(C). At arraignment on April 21st she entered a plea of not guilty. However, after trial on May 8, a six-member jury found her guilty as charged. She was sentenced on May 16 to serve two years at hard labor; the sentence was suspended and she was placed on two years of active probation with special conditions. Her motion for an appeal was granted.
At trial Officer Desmond Julian testified that on December 7 and 8, 2000, he was involved in surveillance of Apartment Two at 1218 Columbus Street. After observing narcotics activity, the officer obtained a search warrant for that location. During the search the defendant was arrested for possession of one rock of crack cocaine and also possession of a crack pipe. Under cross-examination, the officer acknowledged that a confidential informant had purchased cocaine from a person known as “Big Man” at the apartment on Columbus Street, and there was no indication that the defendant ever sold drugs from that location. Two men and two women, including the defendant, were in the apartment during the search. The defendant was the only person arrested.
| ¡.Officers Stephen Payne and Harrison Gardner testified that they participated in the search of the apartment. They entered the bedroom where they found the defendant, and Officer Payne observed her discard an object as soon as she saw him. Officer Payne put handcuffs on her, and Officer Gardner retrieved a glass tube and *543 a rock of cocaine she had tossed to the floor.
The parties stipulated that the rock and residue from the glass tube taken from the defendant were tested and proved to be crack cocaine.
Counsel filed a brief requesting a review for errors patent. Counsel complied with the procedures outlined by Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), as interpreted by this Court in State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990). Counsel filed a brief complying with State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241. Counsel’s detailed review of the procedural history of the case and the facts of the case indicate a thorough review of the record. Counsel moved to withdraw because he believes, after a conscientious review of the record, that there is no non-frivolous issue for appeal. Counsel reviewed available transcripts and found no trial court ruling, which arguably supports the appeal. A copy of the brief was forwarded to defendant, and this Court informed him that he had the right to file a brief in his own behalf. He has not done so.
As per State v. Benjamin, this Court performed an independent, thorough review of the pleadings, minute entries, bill of information, and transcripts in the appeal record. Defendant was properly charged by bill of information with a violation of La. R.S. 40:967(0, and the bill was signed by an assistant district attorney. Defendant was present and represented by counsel at arraignment, jury ^selection, trial, and sentencing. A review of the trial transcript reveals that the State proved the offense beyond a reasonable doubt. The sentence is legal in all respects. Our independent review reveals no non-frivolous issue and no trial court ruling, which arguably supports the appeal. Defendant’s conviction and sentence are affirmed. Appellate counsel’s motion to withdraw is granted.
CONVICITON AND SENTENCE AFFIRMED; COUNSEL’S MOTION TO WITHDRAW GRANTED.