NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

**08-130**

**STATE OF LOUISIANA**

**VERSUS**

**WALTER HARRIS, JR.**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 72105
HONORABLE LESTER P. KEES, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**ELIZABETH A. PICKETT**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, John D. Saunders, and Elizabeth A. Pickett, Judges.

**CONVICTION AND SENTENCE AFFIRMED;**
**MOTION TO WITHDRAW GRANTED.**

**William E. Tilley**
**District Attorney - 30th JDC**
**Ronald K. Seastrunk, A.D.A.**
**P.O. Box 1188**
**Leesville, LA 71496-1188**
**Counsel for Appellee:**
  **State of Louisiana**

**G. Paul Marx**
**Attorney at Law**
**Louisiana Appellate Project**
**P. O. Box 82389**
**Lafayette, LA 70598-2389**
**Counsel for Defendant/Appellant:**
  **Walter Harris, Jr.**

**Pickett, J.**

## FACTS:

The following facts were taken from the factual basis set forth by the state at the defendant's guilty plea hearing and facts stated at his sentencing hearing. On December 11, 2006, the defendant was stopped by undercover officers working with the Vernon Parish Narcotics Task Force. At that time, the defendant engaged in a drug transaction which resulted in the sale of two twenty-dollar rocks of cocaine. The rock substance was tested and determined to contain cocaine.

On April 17, 2007, the defendant, Walter Harris, Jr., was charged by bill of information, in count one, with distribution of cocaine, a violation of La.R.S. 40:967, and in count two, with simple escape, a violation of La.R.S. 14:110. On September 5, 2007, the defendant pled guilty to count one in exchange for the dismissal of count two and the state's agreement not to charge the defendant as an habitual offender.

On November 28, 2007, the defendant was sentenced to serve fifteen years at hard labor, the first two years without benefit of probation, parole or suspension of sentence. Additionally, the sentence was to run concurrently to any other sentence to which he was subject. A Motion to Reconsider Sentence was filed on December 10, 2007, and subsequently denied, without a hearing, on December 18, 2007.

Appellate counsel for the defendant has filed a Motion to Withdraw as Attorney of Record, stating that he can find no non-frivolous issue to raise on appeal or rulings of the trial court which arguably support the appeal.

1

**ERRORS PATENT:**

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find there are no errors patent.

*ANDERS* **ANALYSIS:**

Pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), the defendant's appellate counsel has filed a brief, stating he could find no errors on appeal that would support reversal of the defendant's convictions or sentences. Thus, counsel seeks to withdraw.

In *State v. Benjamin*, 573 So.2d 528 (La.App. 4 Cir. 1990), the fourth circuit explained the *Anders* analysis:

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

*Id.* at 531.

The defendant's appellate counsel argues that he reviewed the defendant's trial

record and that, in the instant case, an excessive sentence claim would be frivolous under the circumstances of the plea bargain. One felony count, simple escape, was dismissed, and the habitual offender bill was waived by the state. Counsel notes that the defendant's sentencing exposure after the plea bargain was up to thirty years and that an habitual offender charge pursuant to La.R.S. 15:529.1 could have resulted in a far more severe sentence of up to sixty years. Additionally, the defendant was on parole at the time of the offense and the trial court ordered the defendant's fifteen year sentence to run concurrently to his sentence resulting from his parole revocation. Accordingly, appellate counsel maintains that "[t]here is no way to make anything other than a frivolous argument of Constitutional Excessiveness" for the defendant, who is a third felony offender.

Pursuant to *Anders* and *Benjamin*, we have performed a thorough review of the record, including pleadings, minute entries, the charging instrument, and the transcripts. We have confirmed the statements asserted by appellate counsel, and note that the defendant was properly charged in a bill of information and was present and represented by counsel at all crucial stages of the proceedings. Moreover, the record reveals that there was sufficient evidence presented at the guilty plea hearing to find the defendant guilty of the offense as charged. Lastly, we note that the defendant's sentence is within the appropriate range for distribution of cocaine.

In *State v. Jyles*, 96-2669, p. 2 (La. 12/12/97), 704 So.2d 241, 241 the supreme court stated, "Counsel must demonstrate to the appellate court by full discussion and analysis that he has cast an advocate's eye over the trial record and considered whether

any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration."  Considering same, we find that appellate counsel fulfilled his obligation as stated in *Jyles*, and thus, should be allowed to withdraw as counsel of record.  Appellate counsel's motion to withdraw is granted.

We have found no issues which would support an assignment of error on appeal. Therefore, the defendant's conviction and sentence are affirmed .

**CONVICTION AND SENTENCE AFFIRMED.  MOTION TO WITHDRAW GRANTED.**