MOON LANDRIEU, Judge Pro Tempore.
b The defendant, Freddie G. Scott (“Scott”), appeals his conviction for possession of cocaine and his sentence of three years at hard labor, requesting only a review of the record for errors patent. Finding no error, we affirm his conviction and sentence.
STATEMENT OF THE CASE
On February 15, 2006 the State filed a bill of information charging Scott with one count of simple possession of cocaine, a violation of La. R.S. 40:967(C). He was arraigned and entered a not guilty plea. Following a trial, a six-person jury found him guilty as charged. The trial court sentenced him to serve three years at hard labor. Scott’s motion for appeal was granted on January 9, 2008. On February 27, 2008, following a hearing, the court found that he was not a multiple offender.
FACTS
On January 9, 2006, Officer Antonio Sosa and his partner, Officer Raymond Martinez, were on routine patrol with another Sixth District Task Force unit when they observed a group of four males congregating at the corner of Chippewa and Fourth Streets. The time was just after 8:00 p.m. on a school night, and the curfew |awas in effect. Because some of the males looked young, the officers drove in their direction. When the group saw the police cars approaching, they turned and began walking away. The defendant Scott was in the group. Officers Sosa and Martinez saw him take a few steps away from the rest of the group and drop something from his hand onto the ground and then rejoin his companions. The officers stopped all four of the group. Officer Martinez detained Scott while Officer Sosa retrieved the object which Scott had discarded. The object was a plastic bag containing ivory-colored rocks consistent with cocaine.
At the trial, the State introduced, over defense objection, the crime lab report prepared by Criminalist Harry O’Neal. The report reflected that the substance submitted as evidence in the case tested positive for cocaine.
The defense called one witness, Delacie Phillips. He testified that he was with Scott on the night of his arrest. Phillips admitted that he was arrested that night for a curfew violation as he was only fourteen at the time; this admission confirmed testimony given by Officer Martinez. However, Phillips denied that Scott stepped away from the group or discarded anything. According to Phillips, he and Scott had just left a barbershop and were walking to the store at the time the police stopped them. The police also stopped two other men; Phillips said they were unknown to him. He stated that they were detained in the police car while the police searched the area for forty-five minutes. Finally, according to Phillips, the officers came over to the police car where all four of the males were being held. The officers said that they had found cocaine on the ground and wanted to know to whom it belonged, but no one took ownership. Phillips confirmed that only he and Scott were taken to the police station and that the other males were released at the scene.
|sThe State called Officer Sosa in rebuttal. He stated that it only took him around five seconds to locate and retrieve the object which he saw Scott discard.
*786 DISCUSSION
By his sole assignment of error, Freddie Scott requests a review of the record for patent errors. Such review shows there are none. Counsel complied with the procedures outlined by Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), as interpreted by this Court in State v. Benjamin, 573 So.2d 528 (La.App. 4 Cir.1990). Counsel filed a brief complying with State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241. Counsel’s detailed review of the procedural history of the case and the facts of the case indicate a thorough review of the record. Counsel moved to withdraw because she believes, after a conscientious review of the record, that there is no non-frivolous issue for appeal. Counsel reviewed available transcripts and found no trial court ruling that arguably supports the appeal. A copy of the brief was forwarded to Scott, and this Court informed him that he had the right to file a brief in his own behalf. He has not done so. Thus, this Court’s review is limited to errors on the face of the record. La.C.Cr.P. art. 920.
As per State v. Benjamin, this Court performed an independent, thorough review of the pleadings, minute entries, bill of information, and transcripts in the appeal record. Scott was properly charged by bill of information with a violation of La. R.S. 40:967, and the bill was signed by an assistant district attorney. Scott was present and represented by counsel at arraignment, during trial, and at sentencing. The jury’s verdict and Scott’s sentence are legal in all respects. Furthermore, a review of the trial transcript shows that the State provided sufficient evidence to prove beyond a reasonable doubt that Scott possessed cocaine.
14Our independent review reveals no non-frivolous issue and no trial court ruling that arguably supports the appeal.
CONCLUSION
Accordingly, we affirm Freddie Scott’s conviction and sentence, and grant appellate counsel’s motion to withdraw.
CONVICTION AND SENTENCE AFFIRMED;MOTION TO WITHDRAW GRANTED.