DREW, J.
12Joann Jenkins pled guilty to jumping bail and was sentenced in accordance with a plea agreement. This appeal followed. Her appellate counsel has filed a motion to withdraw, together with a Benjamin[1] brief in support of the motion. We grant the motion to withdraw, and affirm the conviction and sentence.
FACTS
Defendant was charged by bill of information with one count of jumping bail for not appearing in the Fifth Judicial District Court on November 3, 2009, on a forgery charge. On May 4, 2010, as part of a plea agreement, defendant pled guilty with an agreed sentence of one year at hard labor, the first six months to be served concurrently with any other sentence, and the remaining six months to be served consecutively with any other sentences.
| -jDuring the plea colloquy, defendant admitted that she had pled guilty to an earlier charge and had been ordered to appear for sentencing on November 3, 2009, which she admittedly failed to do.[2] The court accepted the guilty plea as being free and voluntary. Thereupon, the court sentenced Jenkins per the plea agreement.
Appellate counsel has filed a Benjamin brief, seeking to withdraw because there are no nonfrivolous issues to raise on appeal. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241; and State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990). The brief outlines the procedural history and the Boykin compliant plea colloquy leading to the defendant’s conviction. The brief also contains “a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place.” Jyles, supra. Counsel further verifies that he has mailed copies of the motion to withdraw and his brief to the defendant, in accordance with Anders, Jyles, and Benjamin, supra. The defendant has had an *1039 ample opportunity to file a brief, but has not done so.
We have conducted an error patent review of the appellate record and none were found. The record supports defendant’s conviction and [Ssentence. The motion to withdraw is granted. The conviction and sentence are AFFIRMED.

. State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir. 1990). A Benjamin brief is also referred to as an Anders brief. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

. While the record in this appeal does not unequivocally establish the underlying conviction for which Jenkins failed to appear for sentencing, her appeal in docket number 45,-771-KA (also currently pending before this Court) indicates she failed to appear for sentencing on a conviction for forgery, a felony.