WALTER J. ROTHSCHILD, Judge.
| ^Defendant, James V. Travis, was charged by bill of information in five separate cases with fourteen counts of theft, in violation of LSA-R.S. 14:67, and one count of issuing worthless checks, in violation of LSA-R.S. 14:71. Defendant initially pled not guilty in each case. On July 10, 2009, he withdrew his not guilty pleas and pled guilty to each of the charges against him. Defendant was sentenced to ten years imprisonment on the 15 counts in these cases, with all counts to run concurrently with each other. The ten-year sentence was suspended, and defendant was placed on active probation for five years.
A Motion and Order for a Hearing to Revoke Probation was filed on June 4, 2010 in each case. On February 4, 2011, after finding that defendant violated the conditions of his probation, the trial judge revoked defendant’s probation and sentenced him to ten years imprisonment in each of the five cases, to run consecutively with each other. Some cases had multiple counts, and those counts | ¡¡were ordered to run concurrently. Defense counsel objected and told the judge that the sentences were ordered to run concurrently when he suspended the sentences. The State responded that defendant’s probation was run concurrently because the law did not allow for consecutive five-year probationary periods, but that his actual sentence in which he was committed to the Department of Corrections was not executed until the judge revoked probation. The trial court stated that the sentences were exec-utory and ruled that defendant was to be sentenced to ten years to run consecutively in those five cases.
Thereafter, defendant filed a Motion for Appeal. Although defendant’s Notice of Intent to Appeal included reference to all five case numbers, the order granting an appeal, which was generated by the trial judge’s office, only specified case number 09-3407. Accordingly, on August 2, 2011, that appeal, case number ll-KA-642, was dismissed by this Court and the trial court was ordered to clarify its order of appeal with respect to all five case numbers pertaining to defendant’s convictions. On August 29, 2011, in accordance with this Court’s August 2, 2011 order, the trial judge informed defendant that he would need to file an original Motion for Appeal in each district court case: 06-3837, 06-6135, 08-4805, 09-1848, and 09-3407.
*494 On September 2, 2011, defendant filed a Motion to Reconsider Sentence, arguing that his sentence was excessive and requesting that the judge reconsider “imposing the sentences consecutively,” because the sentences were ordered to run concurrently prior to probation being revoked. According to defendant, the trial court violated the plea agreement by ordering that the sentences for each of the five cases run consecutively, which effectively increased the sentence from a ten-year term, which was part of the binding plea agreement, to a 50-year term, without giving him the opportunity to withdraw the plea.
|4On September 14, 2011, defendant filed a pro se Motion for Appeal, requesting an out-of-time appeal “on the basis of a breach of plea agreement” in case numbers 06-3837, 06-6135, 08-1805, and 09-1848.[1] On September 20, 2011, the trial court granted defendant an out-of-time appeal in each of these four cases. Thereafter, on September 29, 2011, a hearing was conducted on defendant’s Motion to Reconsider Sentence, and defense counsel requested that the judge reconsider the consecutive nature of the sentences and amend the sentences to be served concurrently. The trial court granted defendant’s motion and re-sentenced him to ten years imprisonment in each case, to run concurrently with each other.
The four appeals filed by defendant were consolidated by this Court on May 15, 2012. On appeal, appointed appellate counsel has filed Anders briefs pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241 (per curiam), asserting that she has thoroughly reviewed the trial court records and cannot find any non-frivolous issues to raise on appeal. Accordingly, appointed counsel requests to withdraw as counsel of record.
On May 30, 2012, this Court issued an order suggesting that the basis for the appeals, as indicated in the Motions for Appeal, was moot. This Court ordered that defendant show cause, by brief only, why his appeals should not be dismissed. On June 7, 2012, defendant’s appellate counsel filed a brief in response to this Court’s show cause order. In this response, counsel set forth the procedural history of the case and then noted that defendant’s Motions for Appeal were filed prior to the trial court’s action in correcting its error in imposing sentences contrary to the plea agreement. Counsel provided that because the breach of the plea agreement has been corrected, the record presents no non-frivolous issues and counsel seeks to |fiwithdraw “as she is in the conflicted position of representing her client’s interests and, also, not presenting frivolous issues to the Court.”
Based on our review of the records before us and after consideration of the nature of this case, we find that this consolidated appeal must be dismissed.
In defendant’s Motions for Appeal filed on September 14, 2011, he specifically sought an out-of-time appeal “on the basis of a breach of plea agreement” in four of his district court cases. It is clear that the Motions for Appeal were based on the trial judge imposing consecutive sentences when the plea agreement provided for concurrent sentences. At the September 29, 2011 hearing on defendant’s Motion to Reconsider Sentence, the trial court amended defendant’s sentences to run concurrently, rather than consecutively, in accordance *495 with the terms of the plea agreement. Defendant’s counsel concedes that the sentencing issue based on a breach of the plea agreement was corrected by the trial judge after defendant’s Motions for Appeal were filed. Thus, the basis for the appeal, as indicated in the Motions for Appeal, is now moot.
Defendant’s appellate counsel, who is an attorney for the Louisiana Appellate Project, has filed a Motion to Withdraw as Counsel of Record in this matter. In the trial court’s orders granting defendant an out-of-time appeal in each case, he appointed the Louisiana Appellate Project to represent defendant “for the purpose of perfecting an appeal.” Considering our finding that the basis for defendant’s appeal is now moot, we grant counsel’s Motion to Withdraw.

DECREE

For the foregoing reasons, we dismiss the consolidated appeal in this matter. We also grant counsel’s Motion to Withdraw.

APPEAL DISMISSED; MOTION TO WITHDRAW GRANTED

. The records before us do not reveal that defendant filed a Motion for Appeal in case number 09-3407.