BROWN, Chief Judge.
|, Defendant, Christopher Wesley, pled guilty to second degree battery and re *345 ceived an agreed-upon sentence of two years to run consecutive with any other sentence and the state’s agreement not to file an habitual offender bill. Defendant appealed. The Louisiana Appellate Project was appointed to represent defendant on appeal. Defendant’s appellate counsel filed a motion to withdraw, together with an Anders[1] brief. This Court rescinded the previously fixed pro se briefing deadline and notified defendant that he may file a brief and request to view the appellate record. Defendant did not make a pro se filing with this Court within the briefing delay. For the reasons stated herein, the motion to withdraw is granted, and defendant’s conviction and sentence are affirmed.

Discussion

Defendant was charged by bill of information with aggravated second degree battery, which was amended to second degree battery. The factual basis for the charge was stated by the prosecutor at the time of the guilty plea. The state indicated that on March 26, 2012, defendant was incarcerated at Ouachita Correctional Center when he attacked another inmate after that inmate had made certain remarks about defendant earlier in the day. Defendant struck the victim in the face, causing injuries that required stitches. Defendant agreed with the recitation of facts, pled guilty and was sentenced to the agreed-upon term.
Appellate counsel’s brief outlines the procedural history of the case and the action of the trial court. The brief also contains a detailed and 12reviewable assessment for both defendant and the appellate court of whether the appeal was worth pursuing. State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241. Defense counsel further verifies that he mailed copies of the motion to withdraw and his brief to defendant, in accordance with Anders, supra, and Jyles, supra.
A defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. La. C. Cr. P. art. 881.2. Defendant was specifically advised during the guilty plea and sentencing colloquy that he would not be allowed to appeal the length or severity of the sentence, and defendant expressed that he knew he was giving up that right.
A review of the record leads us to concur with appellate counsel and the state that there exist no nonfrivolous issues to appeal. Accordingly, the motion to withdraw will be granted, and the conviction and sentence are affirmed.
We have also reviewed the record for error patent and have found none.

Conclusion

For the foregoing reasons, the motion to withdraw is granted. The conviction and sentence of defendant, Christopher M. Wesley, are affirmed.
MOTION TO WITHDRAW GRANTED; CONVICTION AND SENTENCE AFFIRMED.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).