NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

14-777

STATE OF LOUISIANA

VERSUS

RICHARD BAMBURG

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 172250
HONORABLE WILLIAM BENNETT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

ELIZABETH A. PICKETT
JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.

**CONVICTION AND SENTENCE AFFIRMED.
MOTION TO WITHDRAW GRANTED.**

CHARLES A. RIDDLE, III
DISTRICT ATTORNEY, TWELFTH JUDICIAL DISTRICT COURT
P. O. BOX 1200
MARKSVILLE, LA 71351
COUNSEL FOR APPELLEE:
    State of Louisiana

BRENT HAWKINS
LOUISIANA APPELLATE PROJECT
P. O. BOX 3752
LAKE CHARLES, LA 70602
COUNSEL FOR APPELLANT:
    Richard Bamburg

**PICKETT, Judge.**

## FACTS

On the night of January 12, 2013, it was discovered that the defendant, Richard Bamburg, had escaped from the Bunkie Detention Center, where he was being housed for several Red River Parish convictions. He was apprehended approximately two weeks later at a residence in Red River Parish.

The defendant was charged by bill of information with simple escape, in violation of La.R.S. 14:110. On September 10, 2013, the defendant was tried by a jury and found guilty as charged. On April 22, 2014, the defendant was sentenced to serve two years in the Louisiana Department of Corrections to run consecutively to any other sentence.

The defendant filed a motion for appeal, which was granted by the trial court on May 16, 2014. The defendant's appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), asserting that the record contains no non-frivolous issues for appeal and requests this court grant his accompanying motion to withdraw. This court granted the defendant until October 10, 2014, to file a *pro se* brief. To date, the defendant has not filed a *pro se* brief. For the following reasons, we affirm the defendant's conviction and sentence and grant appellate counsel's motion to withdraw.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find no errors patent.

Pursuant to *Anders*, the defendant's appellate counsel filed a brief stating he made a conscientious and thorough review of the trial court record and could find no non-frivolous errors to raise on appeal. Thus, counsel seeks to withdraw.

In *State v. Benjamin*, 573 So.2d 528 (La.App. 4 Cir. 1990), the fourth circuit explained the *Anders* analysis:

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

*Id.* at 531.

While it is not necessary for the defendant's appellate counsel to "catalog tediously every meritless objection made at trial or by way of pre-trial motions with a labored explanation of why the objections all lack merit[,]" counsel's *Anders* brief must "'assure the court that the indigent defendant's constitutional rights have not been violated.' *McCoy* [*v. Court of Appeals of Wisconsin*], 486 U.S. [429] at 442, 108 S.Ct. [1895] at 1903 [(1988)]." *State v. Jyles*, 96-2669, p. 2 (La. 12/12/97), 704 So.2d 241, 241. Counsel must fully discuss and analyze the trial record and consider "whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the

evidence presented to the jury for its consideration." *Id*. Thus, counsel's *Anders* brief must review the procedural history and the evidence presented at trial and provide "a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place." *State v. Mouton*, 95-981, p. 2 (La. 4/28/95), 653 So.2d 1176, 1177.

In his *Anders* brief, appellate counsel details the facts that established the defendant's guilt at trial.

Pursuant to *Anders*, 386 U.S. 738, and *Benjamin*, 573 So.2d 528, this court has performed a thorough review of the record, including pleadings, minute entries, the charging instrument, and the transcripts and have confirmed the statements made by appellate counsel. The defendant was properly charged in the bill of information, he was present and represented by counsel at all crucial stages of the proceedings, the verdict was correct, and he received a legal sentence.

Our review of the record reveals no issues that would support an assignment of error on appeal. Therefore, we affirm the defendant's conviction and sentence and grant appellate counsel's motion to withdraw.

**CONVICTION AND SENTENCE AFFIRMED.**
**MOTION TO WITHDRAW GRANTED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules−Courts of Appeal, Rule 2−16.3.

3