MARC E. JOHNSON, Judge.
| gDefendant, Randy Hall, appeals his conviction and sentence for introduction of contraband into a penal institution. For the reasons that follow, we affirm.[1]
On August 13, 2014, Defendant was charged in a bill of information with introduction or possession of contraband, specifically cocaine, in a correctional institute, namely the Jefferson Parish Correctional Center, in violation of La. R.S. 14:402. Defendant initially pled not guilty and filed several pre-trial motions. On October 20, 2014, the State amended the bill of information to delete cocaine as the specified contraband. On the same day, Defendant withdrew his not guilty plea and pled guilty as charged. Pursuant to a plea agreement, the trial court sentenced Defendant to five years imprisonment at hard labor.
Immediately thereafter, the State filed a multiple offender bill of information alleging Defendant to be a second felony offender. As part of the plea bargain, Defendant stipulated to his status as a second felony offender, and the trial court | ¡¡resentenced Defendant to six years at hard labor without the benefit of probation or suspension of sentence after vacating his original sentence.
Appellate counsel’s brief contains no assignments of error and sets forth that it is filed in accordance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 *1291 L.Ed.2d 493 (1967), and State v. Jyles, 96-2669 (La.12/12/97); 704 So.2d 241 (per curiam ), which set forth the procedure appellate counsel should follow when, upon conscientious review of a case, counsel finds an appeal would be wholly frivolous.
In the instant case, appellate counsel reviewed the procedural history of the case in his brief. He set forth that, after a review of the record, he has failed to find any non-frivolous issues to present on appeal. Appellate counsel noted that Defendant entered an unqualified guilty plea, which waived all non-jurisdictional defects and precludes review of any such defects on appeal. Counsel also noted that he considered whether to raise the issue of the voluntariness of Defendant’s guilty plea, the lack of a factual basis in the record for the guilty plea, and the ex-cessiveness of Defendant’s sentence, but ultimately concluded that these claims would be frivolous as Defendant was represented by counsel during his plea, he never proclaimed his innocence, and he was sentenced in conformity with a plea agreement. Accordingly, appellate counsel requests to withdraw from further representation of Defendant. Appellate counsel advised this Court that he notified Defendant of his right to file a pro se brief in this appeal, and we note that this Court sent Defendant a letter by certified mail informing him that an Anders brief had been filed, and that he had a right to file a pro se supplemental brief. Defendant chose not to file a pro se brief.
This Court has performed an independent, thorough review of the pleadings, minute entries, bill of information, and transcripts in the appellate record. Our independent review reveals no non-frivolous issues or trial court rulings that 1 ¿arguably support an appeal. Accordingly, Defendant’s conviction and sentence are affirmed. Appellate counsel’s motion to withdraw, which has been held in abeyance pending disposition of this matter, is granted.

CONVICTION AND SENTENCE AFFIRMED; MOTION TO WITHDRAW GRANTED.

. This memorandum opinion is issued in compliance with Uniform Rules-Courts of Appeal Rule 2-16,1(B).