JOHNSON, J.
| , Defendant, Antoine Gillin, appeals his convictions for possession of heroin and possession of cocaine, his multiple offender adjudication, and accompanying sentences. For the reasons that follow, we affirm his convictions and multiple offender adjudication, affirm his five-year sentence for possession of cocaine, and amend his enhanced sentence to delete the $500 fine.[1]
On December 23, 2014, Defendant was charged in a bill of information with possession with intent to distribute heroin in violation of La. R.S. 40:966(A) (count one) and possession with intent to distribute cocaine in violation of La. R.S. 40:967(A) (count two). Initially, he pled not guilty to both charges. On May 27, 2015, the State amended the bill of information to charge Defendant with possession of heroin, a violation of La. R.S. 40:966(C), and possession of cocaine, a violation of La. R.S. 40:967(C). On that same date, Defendant withdrew his not guilty pleas and pled guilty to both counts as charged in the amended bill of information. The trial court sentenced Defendant on each count to five years at hard labor and a $500 fine, to run concurrently with each other.
Also on May 27, 2015, the State filed a multiple offender bill of information on count one alleging Defendant to be a second felony offender, to which Defendant stipulated. The trial court vacated Defendant’s sentence on count one and resen-tenced him as a multiple offender to five years at hard labor without benefit of probation or suspension of sentence and a $500 fine, to run concurrently with his original sentence on count two.
Defendant was granted this out-of-time appeal after filing an application for post-conviction relief alleging his trial counsel was ineffective for failing to advise him to take the better of two plea offers.[2]
| ^Appellate counsel’s brief contains no assignments of error and sets forth that it is filed in accordance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and State v. Jyles, 96-2669 (La. 12/12/97), 704 So.2d 241 (per curiam), which sets forth the procedure appellate counsel should follow when, upon conscientious review of a case, counsel finds an appeal would be wholly frivolous.
In the instant case, appellate counsel reviewed the procedural history of the case in her brief. She set forth that, after a review of the record, she has failed to find any non-frivolous issues to present on appeal. Appellate counsel stated that there were no pre-trial hearings or adverse rulings prior to Defendant’s guilty pleas. She noted that Defendant entered unqualified guilty pleas, which waived all non-jurisdictional defects and precludes review of any such defects on appeal. Counsel also noted that Defendant was sentenced in accordance with a plea agreement and, thus, was prohibited from appealing his sentences. Counsel further noted that the record was insufficient to address Defendant’s ineffective assistance of counsel claim that he raised in his premature application for post-conviction relief because none of the *1177 facts alleged in support of the claim appear in the record. Accordingly, appellate counsel requests to withdraw from further representation of Defendant. Appellate counsel advised this Court that she notified Defendant of his right to file a pro se brief in this appeal, and we note that this Court sent Defendant a letter by certified mail informing him that an Anders brief had been filed and that he had a right to file a pro se supplemental brief. Defendant chose not to file a pro se brief.
This Court has performed an independent, thorough review of the pleadings, minute entries, bills of information, and transcripts in the appellate record. Our independent review reveals no non-frivolous issues or trial court rulings that arguably support an appeal. Thus, we affirm Defendant’s convictions and multiple offender adjudication and grant appellate counsel’s motion to withdraw, which has been held in abeyance pending disposition of this matter.
In our error patent review, we note, as pointed out by the State in its appellee brief, that the trial judge imper-missibly imposed a' $500 fine when sentencing Defendant under |sthe multiple offender law. See State v. Dickerson, 584 So.2d 1140 (La.1991) (per curiam) (La. R.S. 15:529.1 does not authorize imposition of a fine but only provides for enhanced sentences relating to the term of imprisonment). Pursuant to our authority under La. C.Cr.P. art. 882, we delete the $500 fine from Defendant’s enhanced sentence on count one and order the Clerk of this Court to transmit notice to the officer in charge of the institution to which Defendant has been sentenced and to the Department of Corrections’ legal department. As amended, we affirm Defendant’s enhanced sentence on count one. Additionally, we affirm Defendant’s sentence on count two, possession of cocaine.
We further note an error in the Uniform Commitment Order (UCO). The UCO reflects that Defendant was convicted on count two of a violation of La. R.S. 40:966(C), when the transcript and waiver of rights form clearly show that Defendant pled guilty on count two to a violation of La. R.S. 40:967(C). Therefore, we remand this matter for correction of the UCO and instruct the Clerk of Court for the 24th Judicial District, Court to transmit the original of the corrected UCO to the, officer in charge of the institution to which Defendant has been sentenced and the Department of Corrections’ legal department.
CONVICTIONS AFFIRMED; MULTIPLE OFFENDER ADJUDICATION AFFIRMED; ENHANCED SENTENCE ON COUNT ONE AMENDED AND AFFIRMED AS AMENDED; SENTENCE ON COUNT TWO AFFIRMED; COMMITMENT REMANDED FOR CORRECTION; MOTION TO WITHDRAW GRANTED

. This memorandum opinion is issued in compliance with Uniform Rules—Courts of Appeal Rule 2-16.1(B).

. Defendant sought supervisory review of the trial court’s ruling that treated his application for post-conviction relief as a request for out-of-time appeal on the basis his only claim was ineffective assistance of counsel, which was better addressed in post-conviction, and that he had no issues to raise on appeal. Recognizing Defendant’s procedural predicament, we nonetheless found that Defendant’s application for post-conviction relief was premature under La. C.Cr.P. art. 924.1 because his appellate rights had not been exhausted, as he could still appeal his convictions and sentences through an out-of-time appeal. State v. Gillin, 16-KH-276 (La. App. 5 Cir. 5/13/16) (unpublished writ disposition).