16-271 (La.App. 5 Cir. 12/7/16)

**STATE of Louisiana**

v.

**Justin L. WILDERODER**

NO. 16–KA–271

Court of Appeal of Louisiana, Fifth Circuit.

December 07, 2016

COUNSEL FOR PLAINTIFF/APPELLEE, STATE OF LOUISIANA, Paul D. Connick, Jr., Terry M. Boudreaux

COUNSEL FOR DEFENDANT/APPELLANT, JUSTIN L. WILDERODER, Bruce G. Whittaker

Panel composed of Fredericka Homberg Wicker, Marc E. Johnson, and Hans J. Liljeberg

JOHNSON, J.

Defendant, Justin Wilderoder, appeals his convictions for simple burglary, his multiple offender adjudication, and accompanying sentences. For the reasons that follow, we affirm his convictions, multiple offender adjudication and sentences.[1]

On June 27, 2013, Defendant was charged in a bill of information with two counts (counts one and six) of simple burglary in violation of La. R.S. 14:62.[2] He initially pled not guilty to both charges. On October 28, 2013, Defendant withdrew his not guilty pleas and pled guilty under La. R.S. 13:5304 to both counts of simple burglary. Imposition of Defendant's sentences was deferred upon agreement that he enter and complete drug court probation under the Jefferson Parish Intensive Drug Court Program—La. R.S. 13:5304.[3]

On December 4, 2013 and February 24, 2014, attachments were issued for Defendant's arrest due to his failure to comply

---

1. This memorandum opinion is issued in compliance with Uniform Rules—Courts of Appeal Rule 2–16.1(B).

2. It was alleged that Defendant committed simple burglary of a 2008 Saturn VUE on January 4, 2013 and of a 1999 Jeep Cherokee on January 5, 2013.

3. It was agreed that if Defendant failed to complete the drug court program, the State would file a multiple offender bill alleging Defendant to be a third felony offender and that Defendant would be sentenced as a third felony offender in accordance with La. R.S. 15:529.1.

with the drug court program. On June 13, 2014, the State filed a motion to revoke from drug court and to impose sentence due to Defendant's non-compliance with the program. A hearing on the motion was held on June 23, 2014, at which time Defendant stipulated to the grounds for revocation. Accordingly, the trial court revoked Defendant's drug court probation and sentenced him to eight years imprisonment at hard labor on each of the two counts, to be served concurrently.

That same day, the State filed a multiple offender bill of information alleging Defendant to be a third felony offender. Defendant stipulated to the multiple offender bill after being advised of his rights. The trial court then vacated Defendant's original sentence on count one and imposed an enhanced sentence under La. R.S. 15:529.1 of eight years at hard labor without benefit of probation or suspension of sentence, to run concurrently with Defendant's sentence on count six. Defendant subsequently obtained this out-of-time appeal through an application for post-conviction relief.

Appellate counsel's brief contains no assignments of error and sets forth that it is filed in accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *State v. Jyles*, 96–2669 (La. 12/12/97); 704 So.2d 241 (*per curiam*), which sets forth the procedure appellate counsel should follow when, upon conscientious review of a case, counsel finds an appeal would be wholly frivolous.

In the instant case, appellate counsel reviewed the procedural history of the case in his brief. He set forth that, after a review of the record, he has failed to find any non-frivolous issues to present on appeal. Appellate counsel states that Defendant entered unqualified guilty pleas, which waived all non-jurisdictional defects and precludes review of any such defects on appeal. He further indicated that Defendant informed the trial court that he had not been forced, coerced or threatened into entering his guilty pleas and that he was pleading guilty because he was in fact guilty. Counsel also noted that Defendant was sentenced in accordance with a plea agreement and, thus, was prohibited from appealing his sentences. Accordingly, appellate counsel requests to withdraw from further representation of Defendant.

Appellate counsel advises this Court that he notified Defendant of his right to file a *pro se* brief in this appeal, and we note that this Court sent Defendant a letter by certified mail informing him that an *Anders* brief had been filed and that he had a right to file a *pro se* supplemental brief. Defendant ultimately chose not to file a *pro se* brief.

This Court has performed an independent, thorough review of the pleadings, minute entries, bills of information, and transcripts in the appellate record. Our independent review reveals no non-frivolous issues or trial court rulings that arguably support an appeal. Thus, we affirm Defendant's convictions, multiple offender adjudication, and accompanying sentences and grant appellate counsel's motion to withdraw, which has been held in abeyance pending disposition of this matter.

In our error patent review, we note several omissions and errors in the State of Louisiana Uniform Commitment Order (UCO). First, the UCO reflects only the date of commission of the offense on count one and does not specify the offense date for count six, which was January 5, 2013. Second, the UCO does not accurately reflect the date of Defendant's original and enhanced sentences, which was June 23, 2014. Lastly, the UCO does not reflect the date Defendant was adjudicated a third felony offender, which was June 23, 2014. To ensure accuracy in the record, we re-

mand this matter for correction of the UCO to reflect the date of the offense on count six, the correct date that Defendant's original and enhanced sentences were imposed, and the date Defendant was adjudicated a third felony offender. We further instruct the Clerk of Court for the 24th Judicial District Court to transmit the original of the corrected UCO to the officer in charge of the institution to which Defendant has been sentenced and the Department of Corrections' legal department.

**CONVICTIONS, MULTIPLE OF- FENDER ADJUDICATION, AND SEN- TENCES AFFIRMED; COMMITMENT REMANDED FOR CORRECTION; MOTION TO WITHDRAW GRANTED**