Judgment rendered September 25, 2019.
Application for rehearing may be filed
within the delay allowed by Art. 992,
La. C. Cr. P.

No. 52,861-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                    Appellee

versus

KEVIN MYLES                    Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 344334

Honorable Brady O'Callaghan, Judge

* * * * *

LOUISIANA APPELLATE PROJECT          Counsel for Appellant
By: Carey J. Ellis

KEVIN MYLES                          Pro Se

JAMES E. STEWART, SR.                Counsel for Appellee
District Attorney

SUZANNE M. WILLIAMS
Assistant District Attorney

* * * * *

Before MOORE, PITMAN, and GARRETT, JJ.

**GARRETT, J.**

The defendant, Kevin Myles, was convicted as charged of the offense of aggravated incest and sentenced to 20 years at hard labor. He appealed. His appointed counsel has filed a motion to withdraw, with a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and *State v. Jyles*, 96-2669 (La. 12/12/97), 704 So. 2d 241, urging that there are no nonfrivolous issues on which to base the appeal. For the following reasons, we affirm the defendant's conviction and sentence. We also grant appellate counsel's motion to withdraw.

## FACTS

In 2016, the defendant's biological daughter contacted the police and informed them that the defendant had vaginal intercourse with her almost every night from the time she was nine years old until she was about 16 years old and that she gave birth to the defendant's child when she was 17 years old. DNA testing determined that there was a 99.9 percent probability that the defendant was the father of his daughter's child. The defendant was arrested and charged with aggravated incest. At trial, the state presented the testimony of the daughter, the investigating police officer, and a forensic DNA analyst. The defendant was convicted as charged by a unanimous jury. His motions for post-verdict judgment of acquittal and for new trial were denied. The trial court imposed a sentence of 20 years at hard labor.[1]

---

[1] The defendant was charged with aggravated incest, in violation of La. R.S. 14:78.1. That statute was repealed in 2014, and the offense of aggravated crime against nature was amended to include the elements and penalties of the crime of aggravated incest. See Acts 2014, No. 177, and La. R.S. 14:89.1. Before imposing sentence, the trial court held that, at the relevant times in the instant case, the sentencing range for aggravated incest was a fine of up to $50,000, or imprisonment, with or without hard labor, for a term not less than five years nor more than 20 years, or both. The state and the defense agreed.

It directed that it be served concurrently with any other sentence and that the defendant be given credit for time served. The defendant's timely motion to reconsider sentence, which was based upon his status as a first felony offender, was denied. The defendant appealed.

## DISCUSSION

The Louisiana Appellate Project was appointed to represent the defendant on appeal. The defendant's appellate counsel filed an *Anders* brief and a motion to withdraw, advising that he made a conscientious and thorough review of the trial court record and found no nonfrivolous issues to raise on appeal. See *Anders v. California*, *supra*; *State v. Jyles*, *supra*; *State v. Mouton*, 95-0981 (La. 4/28/95), 653 So. 2d 1176. The brief outlines the procedural history of the case and the trial court's rulings on the motions filed by the defendant. It also contains "a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place." *Jyles*, 704 So. 2d at 242. We ordered that the motion to withdraw be held in abeyance. The defendant's motions for a copy of the appellate record and to file a pro se supplemental brief were granted. Due to the filing of the *Anders* brief, the state declined to file a brief.

The defendant filed a pro se brief asserting that his sentence is excessive. He alleged that the trial court failed to consider both the mitigating and/or aggravating factors under La. C. Cr. P. art. 894.1. The defendant also contended that the trial court did not take into account "the unique individual circumstances." However, the defendant's brief does not specify or discuss any such circumstances.

2

Furthermore, our review of the record reveals that the trial court conducted an extremely detailed review of the factors enumerated in La. C. Cr. P. art. 894.1. The trial court found that all three factors set forth in La. C. Cr. P. art. 894.1(A) required that the defendant be sentenced to a term of imprisonment. It then went through the list of aggravating and mitigating factors and found that eight aggravating factors applied.[2] The trial court also painstakingly reviewed each of the possible mitigating factors on the record, but it concluded that only one applied, i.e., the defendant's lack of a substantial criminal history, as he had only a 2003 conviction for simple battery.

As a general rule, maximum sentences are reserved for the worst offenders and the worst offenses. *State v. Meadows*, 51,843 (La. App. 2 Cir. 1/10/18), 246 So. 3d 639, *writ denied*, 18-0259 (La. 10/29/18), 254 So. 3d 1208. The defendant began having vaginal intercourse with his daughter when she was a young child and continued to do so on numerous occasions for a period of many years, essentially robbing her of her childhood. Even worse, he impregnated her. The victim's description of the violent manner in which her father repeatedly raped her is horrifying. Under the facts set forth in the record, we find no abuse of the trial court's great discretion in the imposition of the maximum sentence upon this defendant.

---

[2] The trial court found the following aggravating factors, which are listed with their corresponding numbers under La. C. Cr. P. art. 894.1(B), were applicable to the instant case: (1) the deliberate cruelty to the victim manifested by the offender's conduct; (2) the victim's vulnerability due to extreme youth; (4) the offender's use of his status as the victim's father to facilitate the commission of the offense; (6) the actual physical violence of the rapes, as described by the daughter in her trial testimony; (9) the significant and permanent traumatic injury to the victim; (11) the involvement of multiple victims, i.e., the daughter and the child sired by the offender as a result of his offense; (12) the fact that there were multiple crimes committed over a lengthy period of time; and (21) as another relevant factor, the defendant's "abhorrent" manipulation of the victim.

Based upon our review of the entire record, we find no rulings that arguably support an appeal and no error patent. Thus, the record shows there are no nonfrivolous issues to raise on appeal. Accordingly, the appellate counsel's motion to withdraw is hereby granted.

## CONCLUSION

For the reasons expressed above, we affirm the defendant's conviction and sentence. We also grant appellate counsel's motion to withdraw.

**AFFIRMED; MOTION TO WITHDRAW GRANTED.**