STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

24-361

STATE OF LOUISIANA

VERSUS

JERMAINE EPPS

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
ELEVENTH JUDICIAL DISTRICT COURT
PARISH OF SABINE, NO. 79112
HONORABLE CRAIG O. MARCOTTE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

**SHANNON J. GREMILLION**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Shannon J. Gremillion, Jonathan W. Perry, and Ledricka J. Thierry, Judges.

**CONVICTION AND SENTENCE AFFIRMED.**
**MOTION TO WITHDRAW GRANTED.**

**Annette Fuller Roach**
**Louisiana Appellate Project**
**P. O. Box 6547**
**Lake Charles, LA 70606-6547**
**(337) 436-2900**
**COUNSEL FOR DEFENDANT/APPELLANT:**
      **Jermaine Epps**

**D. Scott Kendrick**
**Attorney at Law**
**215 Williams Avenue**
**Natchitoches, LA 71457**
**(318) 354-9146**
**COUNSEL FOR DEFENDANT/APPELLANT:**
      **Jermaine Epps**

**Don M. Burkett**
**District Attorney, Eleventh Judicial District**
**Anna Louise Garcie**
**Assistant District Attorney**
**P. O. Box 1557**
**Many, LA 71449**
**(318) 256-6246**
**COUNSEL FOR APPELLEE:**
      **State of Louisiana**

**GREMILLION, Judge.**

On July 17, 2023, Defendant, Jermain Epps, entered a plea pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160 (1970), to an amended charge of second degree rape, a violation of La.R.S. 14:42.1. The trial court imposed an agreed-upon sentence of twenty years at hard labor without the benefit of parole, probation, or suspension of sentence. Defendant appealed, and this court remanded the case for the trial court to conduct an evidentiary hearing to determine if a sufficient factual basis existed for the guilty plea and whether Defendant's plea was knowingly, intelligently, and voluntarily entered. The State and Defendant were allowed the right to file supplemental briefs should either wish to raise issues arising from the hearing. *State v. Epps*, 23-681 (La.App. 3 Cir. 3/13/24), 381 So.3d 1023.

The trial court hearing was held April 2, 2024. Defendant's appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), alleging the record contains no non-frivolous issues for appeal and requests this court grant her accompanying motion to withdraw. Defendant was given until September 12, 2024, to file a pro se brief and did not. For the following reasons, we affirm Defendant's conviction and sentence and grant appellate counsel's motion to withdraw.

## FACTS

Defendant pled guilty to raping his stepdaughter, A.H., between 2016 and 2018.[1]

---

[1]As this case involves rape, the victim's initials have been used in accordance with La.R.S. 46:1844(W).

*ANDERS* ANALYSIS

Pursuant to *Anders*, 386 U.S. 738, Defendant's appellate counsel filed a brief stating she could find no non-frivolous issues upon which to base an appeal and requesting this court grant her accompanying motion to withdraw. In *State v. Benjamin*, 573 So.2d 528, 531 (La.App. 4 Cir. 1990), the fourth circuit explained the *Anders* analysis:

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

Counsel's *Anders* brief must "'assure the court that the indigent defendant's constitutional rights have not been violated.'" *State v. Jyles*, 96-2669, p. 2 (La. 12/12/97), 704 So.2d 241, 241 (quoting *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 108 S.Ct. 1895 (1988)). Hence, counsel's *Anders* brief must provide "a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place." *State v. Mouton*, 95-981, p. 2 (La. 4/28/95), 653 So.2d 1176, 1177.

Pursuant to *Anders*, 386 U.S. 738, and *Jyles*, 704 So.2d 241, Defendant's appellate counsel filed a brief outlining her assessment of the appellate record. Appellate counsel discussed the procedural history and the facts of the case. She

noted that at the evidentiary hearing on remand, the trial court found there was a sufficient factual basis for the plea. Although the trial court did not specifically declare that Defendant knowingly and intelligently entered the *Alford* plea, she contends that the trial court's questions and Defendant's responses indicated that the plea was knowingly and intelligently made.

Pursuant to *Anders*, 386 U.S. 738, and *Benjamin*, 573 So.2d 528, we have performed a thorough review of the record, including the minute entry and transcript of the hearing on remand. Defendant was present and represented by counsel at the evidentiary hearing. The factual basis provided by the State was as follows:

> Law enforcement was contacted on July 18th of 2018, regarding a call from Doris Holden stating that Jermaine Epps, her son-in-law, had allegedly had sex with her 14-year-old granddaughter, who is now an adult. But at that time would have been [sic] A. H., on numerous occasions.
>
> An interview was set up at Project Celebration and was conducted by Joanna Pleasant, the forensic interviewer.
>
> During that interview A. H. stated that Jermaine Epps had, had sex with her on numerous occasions. And described sex as being putting his penis in her vagina, at their home when they lived on Cherry Street and another home that they lived in at Parkview, in apartment 147.
>
> An investigation was done by law enforcement and it was determined that, in fact, Jermaine Epps and his wife, the mother of victim, A. H., had in fact lived on Cherry Street; had in fact lived on Parkview apartment 147.
>
> It was also learned through the course of the investigation that A. H. had a mental disability.
>
> She was sent for IQ testing, and it was determined that her score fell within the range that she would be determined to have a -- she was mentally not able to agree or consent. And he was subsequently indicted on first -degree rape because of her mental infirmity.
>
> Also, Your Honor, during the course of the trial it was learned that while he was out on bond that A. H. had a sister, J. H., who some

3

year-and-a-half after Jermaine Epps was arrested went to her grandmother's house late at night - - excuse me, her great-grandmother's house late at night - - indicating that Jermaine Epps had come into her room and lay down on the bed with her.

She woke up and he was behind her. She became afraid. She got up, wanted to go to her great-grandmother's house and on the way she told law enforcement that he took the long way.

It was after midnight, and that as they were stopping or getting close to her great grandmother's house he put his hand on her leg and she fled from the vehicle. Law enforcement was called that night.

Judge Bolin ruled in this matter that, that would be other acts under 412.2, that if this matter went to trial, that testimony could come in.

Thereafter, this matter was fixed for trial and Jermaine Epps entered a plea of guilty, Your Honor.

Defense counsel agreed that this was an accurate recitation of the facts disclosed in discovery and indicated that the reason Defendant entered an *Alford* plea was to avoid a life sentence if convicted. Through questioning and confirmation from defense counsel, the trial court concluded Defendant was aware of the facts to be presented at trial which served as the basis of his plea. Defense counsel confirmed that he and Defendant met numerous times, that Defendant was aware of the facts, and Defendant knew other acts and evidence would be presented at trial which could result in his conviction and life imprisonment. According to defense counsel, after considering these circumstances and weighing the risks, Defendant agreed to enter the plea. This information was subsequently confirmed through the trial court's questioning of Defendant. Defendant acknowledged that because of the substantial likelihood that he could be convicted and sentenced to life imprisonment, he entered the *Alford* plea. He confirmed that his plea was knowingly and intelligently entered because he felt it was the best option offered to him.

4

Finding no issues supporting an assignment of error on appeal, we affirm Defendant's conviction and sentence, and we grant counsel's motion to withdraw.

**CONVICTION AND SENTENCE AFFIRMED.**
**MOTION TO WITHDRAW GRANTED.**