NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

14-1178

STATE OF LOUISIANA

VERSUS

JEVANTE JAMAL BIRON

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. CR 137646
HONORABLE GLENNON P. EVERETT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

JAMES T. GENOVESE
JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Marc T. Amy, James T. Genovese, and John E. Conery, Judges.

CONVICTION AND SENTENCE AFFIRMED. MOTION TO WITHDRAW GRANTED.

Keith Stutes
District Attorney
Fifteenth Judicial District
Post Office Box 3306
Lafayette, Louisiana 70502
(337) 232-5170
COUNSEL FOR APPELLEE:
      State of Louisiana

**William R. Thornton**
**Louisiana Appellate Project**
**Post Office Box 51992**
**Lafayette, Louisiana 70505-1992**
**(337) 534-4656**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Jevante Jamal Biron**

**GENOVESE, Judge.**

Defendant, Jevante Jamal Biron, was charged by bill of information on June 26, 2012, with forcible rape, a violation of La.R.S. 14:42.1; unauthorized use of a motor vehicle, a violation of La.R.S 14:68.4; and, aggravated flight from an officer, a violation of La.R.S. 14:108.1(C). The offenses occurred on or about May 4, 2012. Defendant entered pleas of not guilty.

On November 4, 2013, Defendant withdrew his plea of not guilty and pled guilty to the charge of forcible rape with a sentencing cap of twenty years. On October 2, 2014, Defendant was sentenced to eighteen years at hard labor.

Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), alleging no non-frivolous issues exist on which to base an appeal and seeking to withdraw as Defendant's counsel. We affirm Defendant's conviction and sentence and we grant Defendant's appellate counsel's motion to withdraw as counsel of record.

## FACTS

At the time of his guilty plea, Defendant stated that he picked up the victim, whom he knew, and forced her to have sex with him; that she resisted him; and, that he overcame her, all within Lafayette Parish. We note that when initially asked if he had forced himself on her, Defendant stated that he had not; but, when asked why he was pleading guilty, he stated that he did force himself on the victim.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find there are several errors patent, but none are actionable.

The penalty for forcible rape is imprisonment at hard labor for not less than five nor more than forty years, and at least two years of the sentence imposed shall

be without benefit of probation, parole, or suspension of sentence. La.R.S. 14:42.1. The trial court failed to order at least two years of the sentence to be served without benefit of probation, parole, or suspension of sentence. Defendant's appellate counsel has noted this error, but does not request that the sentence be vacated on that basis. Thus, we take no action on this error patent.

In Defendant's brief to this court, he notes that the trial court minutes indicate that the State dismissed counts two and three, but that the transcript does not reflect that these charges were dismissed. When the court minutes conflict with the transcript, the transcript prevails. *State v. Wommack*, 00-137 (La.App. 3 Cir. 6/7/00), 770 So.2d 365, *writ denied*, 00-2051 (La. 9/21/01), 797 So.2d 62. Thus, applying *Wommack*, the record before this court does not support a disposition of counts two and three of the bill of information.

However, La.Code Crim.P. art. 819 requires a jury verdict as to each count of the bill of information, unless the jury cannot agree on a verdict as to a count. Our review of the law does not reveal any such provision pertaining to a conviction obtained via guilty plea. Consequently, no error patent is recognized regarding failure to dispose of counts two and three of the bill of information.

### *ANDERS* ANALYSIS

In *State v. Benjamin*, 573 So.2d 528, 531 (La.App. 4 Cir. 1990), the fourth circuit explained the analysis based on *Anders*, 386 U.S. 738:

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was

2

properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

While it is not necessary for Defendant's counsel to "catalog tediously every meritless objection made at trial or by way of pre-trial motions with a labored explanation of why the objections all lack merit[,]" counsel's *Anders* brief must "'assure the court that the indigent defendant's constitutional rights have not been violated.'" *State v. Jyles*, 96-2669, p. 2 (La. 12/12/97), 704 So.2d 241, 241 (citing *Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308 (1983); quoting *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442, 108 S.Ct. 1895, 1903 (1988)). Counsel must fully discuss and analyze the trial record and consider "whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration." *Id.* (citing *U.S. v. Pippen*, 115 F.3d 422 (7th Cir. 1997)). Thus, counsel's *Anders* brief must review the procedural history and the evidence presented at trial and provide "a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place." *State v. Mouton*, 95-981, p. 2 (La. 4/28/95), 653 So.2d 1176, 1177.

Pursuant to *Anders*, 386 U.S. 738, and *Jyles*, 704 So.2d 241, Defendant's appellate counsel filed a brief citing two potential errors for appeal. First, counsel notes that Defendant's sentence is technically illegally lenient as a result of the trial court's failure to impose two years of Defendant's eighteen-year sentence without

3

benefit of probation, parole, or suspension of sentence. However, counsel does not seek to have the sentence vacated; and, because the sentence falls within the agreed upon sentencing cap, any excessiveness review is precluded by La.Code Crim.P. art. 881.2(A)(2). Therefore, we take no action on that error patent.

Next, Defendant's appellate counsel cites a discrepancy between the trial court minutes and the transcript and plea agreement form. Our review of the law does not reveal any requirement that all charges on a bill of information must be resolved when a guilty plea is entered.

Pursuant to *Anders* and *Benjamin*, we have performed a thorough review of the record, including the pleadings, the minute entries, the charging instrument, and the transcripts. Our review has revealed no issues that would support an assignment of error on appeal. Therefore, Defendant's conviction and sentence are affirmed, and the motion to withdraw filed by Defendant's appellate counsel is granted.

**CONVICTION AND SENTENCE AFFIRMED.**
**MOTION TO WITHDRAW GRANTED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal, Rule 2—16.3.