NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

16-885

STATE OF LOUISIANA

VERSUS

DEXTER L. BROOKS

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. C 21559
HONORABLE ERIC ROGER HARRINGTON, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

**BILLY H. EZELL**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Marc T. Amy, Billy H. Ezell, and Shannon J. Gremillion, Judges.

**CONVICTION AND SENTENCE
AFFIRMED; MOTION TO
WITHDRAW GRANTED.**

**Van H. Kyzar, District Attorney**
**Tenth Judicial District**
**P. O. Box 838**
**Natchitoches, LA 71458-0838**
**(318) 357-2214**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Edward Kelly Bauman**
**Louisiana Appellate Project**
**P. O. Box 1641**
**Lake Charles, LA 70602-1641**
**(337) 491-0570**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Dexter L. Brooks**

**Ezell, Judge.**

On June 19, 2014, Defendant, Dexter L. Brooks, was charged by bill of information with four counts of distribution of CDS III (Hydrocodone), in violation of La.R.S. 40:968; two counts of possession of CDS IV (Alprazolam, Carisoprodol), in violation of La.R.S. 40:969; and one count of possession of CDS III (Hydrocodone), in violation of La.R.S. 40:968.

On January 27, 2016, Defendant signed an agreement with the State, pleading "guilty" to a single count of distribution of CDS III (Hydrocodone). In exchange, the State agreed to drop the remaining charges, agreed not to file a habitual offender bill, and agreed to a sentence of ten years at hard labor with credit for time served.

On July 8, 2016, Defendant filed a "Notice of Appeal and Designation of Record," which was signed by the trial court on July 12, 2016. Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), alleging no non-frivolous issues exist on which to base an appeal and seeking to withdraw as Defendant's counsel. This court grants counsel's motion to withdraw.

## FACTS

The State submitted that on February 11, 2014, an Agent Roberts with the Natchitoches Parish Sheriff's Office observed a "hand-to-hand transaction" and stopped the purchaser, who identified Defendant both by name and from a photo lineup as the individual who sold her ten tablets of Hydrocodone.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find there are no errors patent.

# *ANDERS* ANALYSIS

In *State v. Benjamin*, 573 So.2d 528, 531 (La.App. 4 Cir. 1990), the fourth circuit explained the analysis based on *Anders*, 386 U.S. 738:

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

While it is not necessary for Defendant's counsel to "catalog tediously every meritless objection made at trial or by way of pre-trial motions with a labored explanation of why the objections all lack merit[,]" counsel's *Anders* brief must "'assure the court that the indigent defendant's constitutional rights have not been violated.'" *State v. Jyles*, 96-2669, p. 2 (La. 12/12/97), 704 So.2d 241, 241 (citing *Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308 (1983); quoting *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 108 S.Ct. 1895, 1903 (1988)). Counsel must fully discuss and analyze the trial record and consider "whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration." *Jyles*, 704 So.2d at 241. Thus, counsel's *Anders* brief must review the procedural history and the evidence presented at trial and provide "a detailed and reviewable assessment for both the defendant and the appellate court of

2

whether the appeal is worth pursuing in the first place." *State v. Mouton*, 95-981, p. 2 (La. 4/28/95), 653 So.2d 1176, 1177.

Counsel correctly notes that Defendant was not tried by a jury, but pled guilty to the charge for which he stands convicted. Defendant was represented by counsel during his arraignment, subsequent proceedings, and his ultimate plea. His plea agreement greatly reduced his potential incarceration, as the State dismissed six additional felony charges and agreed not to pursue a habitual offender adjudication.

Additionally, counsel correctly notes that, because Defendant and the State agreed to the exact sentence which Defendant received, Defendant is precluded from appealing his sentence under La.Code Crim.P. art. 881.2(A)(2). Accordingly, counsel suggests there are no non-frivolous claims to be raised on appeal. We agree, as Defendant was represented by counsel when he pled guilty in exchange for an agreed-upon sentence, waiving his rights to appeal and post-conviction relief.

Pursuant to *Anders* and *Benjamin*, this court has performed a thorough review of the record, including pleadings, minute entries, the charging instrument, and the transcripts. Our review has revealed no issues that would support an assignment of error on appeal. Therefore, appellate counsel's motion to withdraw is granted.

**CONVICTION AND SENTENCE AFFIRMED; MOTION TO WITHDRAW GRANTED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal. Rule 2–16.3.

3