HOLDRIDGE, J.
*8 The eleven-year-old juvenile, J.J., was alleged to be delinquent according to petition number 111,272, filed by the State on April 21, 2017, pursuant to the Louisiana Children's Code. The petition was based upon the alleged commission of simple arson, a violation of La. R.S. 14:52 (count one); criminal trespass, a violation of La. R.S. 14:63 (count two); and unauthorized entry of a place of business, a violation of La. R.S. 14:62.4 (count three). The juvenile entered a denial to the allegations. Following an adjudication hearing, the juvenile moved for judgment of acquittal. The juvenile court granted the juvenile's motion on counts two and three, and adjudicated the juvenile as delinquent on count one only. At the disposition hearing, the juvenile judge deferred disposition for six months and placed the juvenile on supervised probation for a period of six months pending final disposition. Contending that there are no non-frivolous issues upon which to support the appeal, appellate counsel filed a brief raising no assignments of error. For the following reasons, we affirm the juvenile's adjudication and deferred disposition and grant appellate counsel's motion to withdraw.
FACTS
On April 18, 2017, Baton Rouge Fire Arson Division Chief Investigator Darryl Sanders investigated a fire at Glen Oaks High School, which was undergoing renovations after flooding. Upon his arrival, two suspects, including the juvenile, were being detained. Mr. Sanders investigation revealed that two separate fires were set inside of the school. All accidental causes were ruled out. Mr. Sanders testified that his estimation of damages to the school was $10,000.00. The juvenile was transported to the Baton Rouge Fire Department Headquarters for questioning. In the presence of his guardian and grandmother, the juvenile told Mr. Sanders that he and another juvenile had been riding bikes in the area of the school and were "bored." When the two found an open window, they entered the school and started two fires inside of boxes using a disposable cigarette lighter. The juveniles realized that the fires were starting to grow. They retrieved fire extinguishers and attempted to extinguish the fires, but the fires were already "out of hand." The juveniles attempted to flee the scene, but were apprehended.
ANDERS BRIEF
Appellate counsel's brief contains no assignments of error and sets forth that it is filed to conform with State v. Jyles , 96-2669 (La. 12/12/97), 704 So.2d 241 (per curiam). Accordingly, appointed counsel requests to be relieved from further briefing in this case.
The procedure in Anders v. California , 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), was discussed in State v. Benjamin , 573 So.2d 528, 529-31 (La. App. 4th Cir. 1990), sanctioned by the Louisiana Supreme Court in State v. Mouton , 95-0981 (La. 4/28/95), 653 So.2d 1176, 1177 (per curiam), and expanded by the Louisiana Supreme Court in Jyles , 704 So.2d at 242. According to Anders , 386 U.S. at 744, 87 S.Ct. at 1400, "if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." To comply with Jyles , appellate counsel must review not only the procedural history and the facts of the case, but must also provide "a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place." Jyles , 704 So.2d at 242 (quoting Mouton , 653 So.2d at 1177 ). When conducting a review for compliance with Anders , an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous.
*9 Here, appellate counsel has adequately complied with the requirements necessary to file an Anders brief. Appellate counsel reviewed the juvenile court record, the procedural history, the adjudication, and the disposition. Appellate counsel concludes in her brief that there are no non-frivolous issues for appeal. Further, appellate counsel certifies that the juvenile was served with a copy of the Anders brief.
This court has conducted an independent review of the entire record in this matter, including a review for error under La. C. Cr. P. art. 920(2). We have found no reversible errors under Article 920(2). Furthermore, we have found no non-frivolous issues or juvenile court rulings that arguably support this appeal. Accordingly, the juvenile's adjudication and deferred disposition are affirmed. Appellate counsel's motion to withdraw, which has been held in abeyance pending the disposition of this matter, is hereby granted.
ADJUDICATION AND DEFERRED DISPOSITION AFFIRMED; MOTION TO WITHDRAW GRANTED.