# NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2020 KA 0427

STATE OF LOUISIANA

VERSUS

JOHNNY ALFRED ELDERTON

Judgment Rendered: **DEC 3 0 2020**

* * * * * * *

On Appeal from the 32nd Judicial District Court
In and for the Parish of Terrebonne
State of Louisiana
Trial Court No. 730356

Honorable David W. Arceneaux, Judge Presiding

* * * * * * *

| | |
|---|---|
| Joseph L. Waitz, Jr.<br>District Attorney<br>Ellen Daigle Doskey<br>Assistant District Attorney<br>Houma, Louisiana | Attorneys for Appellee,<br>State of Louisiana |
| | |
| Bertha M. Hillman<br>Covington, Louisiana | Attorney for Defendant/Appellant,<br>Johnny Alfred Elderton |

* * * * * * *

BEFORE: McDONALD, HOLDRIDGE, AND PENZATO, JJ.

**PENZATO, J.**

The defendant, Johnny Alfred Elderton, was charged by amended bill of information with two counts of sexual battery against J.L. and G.E., both under the age of thirteen years, violations of La. R.S. 14:43.1. He pled not guilty. Following a jury trial, he was found guilty as charged on both counts by unanimous verdicts. He was sentenced to concurrent terms of twenty-five years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. For the following reasons, we affirm the defendant's convictions and sentences and grant defense counsel's motion to withdraw.

## FACTS

G.E. was eleven years old at the time of trial. She described an incident that occurred when she was eight years old while she was sitting on a couch watching television at the home of the defendant, her grandfather. The defendant was sitting next to G.E. on a recliner. G.E. and the defendant were not alone in the room, but a blanket covered their legs. G.E. testified the defendant "rubbed [G.E.]" and "touched [G.E.] where [the defendant] was not supposed to touch [G.E.]." She stated the defendant touched her underneath her pants, but over her underwear.

J.L. was nine years old at the time of trial. She testified regarding an incident that occurred in July of 2016, when she was six years old and spent the night at the home of the defendant, her grandfather. According to J.L., she was sitting in a chair with the defendant. The defendant's wife was also in the room, but sitting in a different chair. J.L. was watching a movie and playing on her Kindle. A blanket covered her from the waist down. In a recorded statement, J.L. demonstrated how the defendant rubbed her vaginal area "under her underpants" during the incident.

## DISCUSSION

Defense counsel filed a brief containing no assignments of error and a

2

motion to withdraw from this case. In her brief and motion to withdraw, referring to the procedures outlined in *State v. Jyles*, 96-2669 (La. 12/12/97), 704 So.2d 241, 241-42 (per curiam) and *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967), defense counsel indicated that after a conscientious and thorough review of the district court record, she could find no non-frivolous issues to raise on appeal. See also *State v. Mouton*, 95-0981 (La. 4/28/95), 653 So.2d 1176, 1177 (per curiam); *State v. Benjamin*, 573 So.2d 528, 529-31 (La. App. 4th Cir. 1990).

According to *Anders*, "if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." *Anders*, 386 U.S. at 744, 87 S.Ct. at 1400. To comply with *Jyles*, appellate counsel must not only review the procedural history of the case and the evidence presented at trial, but counsel's brief also must contain "a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place." *Jyles*, 704 So.2d at 242 (quoting *Mouton*, 653 So.2d at 1177). When conducting a review for compliance with *Anders*, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. *State v. Maricle*, 2013-1725 (La. App. 1st Cir. 3/21/14), 2014 WL 1168506, *1 (unpublished).

Herein, the brief filed on behalf of the defendant by defense counsel complies with the requirements of *Anders*. Defense counsel reviewed the procedural history and record of the case. The district court ruled favorably for the defendant on his only pretrial motion that was not dismissed. Further, the district court denied the State's motion to introduce other crimes evidence against the defendant. No objections were made during the State's opening statement or closing arguments.[1] Neither the State nor the defense used all peremptory

---

[1] See La. C.Cr.P. art. 841.

3

challenges during voir dire.[2]  Lastly, defense counsel noted that minimum concurrent statutory sentences were imposed and, in any event, the issue of excessiveness was not preserved by the making or filing of a motion to reconsider sentence.[3]  Defense counsel set forth in her brief that she could find neither a non-frivolous issue to raise on appeal nor a ruling of the district court that arguably supports the appeal.  Defense counsel further certified that the defendant was served with a copy of her brief and motion to withdraw as counsel of record and was notified of his right to file a pro se brief.  The defendant has not filed a pro se brief.

This court has conducted an independent review of the entire record in this matter, including a review for error under La. C.Cr.P. art. 920(2).  We find no reversible errors in this case.  See State v. Price, 2005-2514 (La. App. 1st Cir. 12/28/06), 952 So.2d 112, 123-25 (en banc), writ denied, 2007-0130 (La. 2/22/08), 976 So.2d 1277.  Furthermore, our review reveals no non-frivolous issues or district court rulings that arguably support this appeal.  Accordingly, the defendant's convictions and sentences are affirmed.  Further, defense counsel's motion to withdraw is hereby granted.

**CONVICTIONS AND SENTENCES AFFIRMED; MOTION TO WITHDRAW GRANTED.**

---

[2] The defendant's failure to exhaust his peremptory challenges bars appellate review of a claim of an improperly denied peremptory challenge. State v. Dardar, 2014-0813 (La. App. 1st Cir. 11/7/14), 2014 WL 5801528, *2 (unpublished).

[3] See La. C.Cr.P. art. 881.1(E).