NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

21-202

STATE OF LOUISIANA

VERSUS

MARVIN L. BUNYARD, JR.

**********

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 94391
HONORABLE SCOTT WESTERCHIL, DISTRICT JUDGE

**********

CHARLES G. FITZGERALD
JUDGE

**********

Court composed of Sylvia R. Cooks, Chief Judge, Jonathan W. Perry and Charles G. Fitzgerald, Judges.

CONVICTION AND SENTENCE AFFIRMED;
MOTION TO WITHDRAW GRANTED.

**Annette Roach**
**Louisiana Appellate Project**
**Post Office Box 1747**
**Lake Charles, Louisiana  70602-1747**
**(337) 436-2900**
**Counsel for Defendant/Appellant:**
        **Marvin L. Bunyard Jr.**


**Ronald K. Seastrunk**
**Assistant District Attorney,**
**Thirtieth Judicial District**
**Post Office Box 1188**
**Leesville, Louisiana  71496**
**(337) 239-2008**
**Counsel for Appellee:**
        **State of Louisiana**

**FITZGERALD, Judge.**

In this appeal, Marvin L. Bunyard Jr. (Defendant) appeals his conviction and sentence for indecent behavior with a juvenile under the age of thirteen years old.

**FACTS AND PROCEDURAL HISTORY**

On March 31, 2013, Defendant engaged in anal and oral sexual intercourse with the male juvenile victim, E.J., who was eight years old.[1] Defendant is the victim's step-grandfather. On October 15, 2019, Defendant was charged by bill of information with indecent behavior with a juvenile under the age of thirteen years old, in violation of La.R.S. 14:81(A)(1), and sexual battery of a juvenile, in violation of La.R.S. 14:43.1(A)(1)–(2).

On November 10, 2020, Defendant entered into a plea agreement in open court whereby he pled guilty to the indecent-behavior charge in exchange for a sentencing cap of twenty years and the dismissal of the sexual-battery charge. At the conclusion of the plea hearing, the trial court ordered the preparation of a Presentence Investigation.

The sentencing hearing was then held on February 23, 2021, at which time the trial court sentenced Defendant to twenty years at hard labor, the first ten years without benefit of probation, parole, or suspension of sentence. The trial court also recommended that Defendant be placed in an appropriate medical facility to care for his medical conditions.

Thereafter, on March 2, 2021, Defendant filed a motion to reconsider his sentence, which the trial court denied on March 3, 2021. This appeal followed.

**LAW AND ANALYSIS**

I.    **Errors Patent**

Pursuant to La.Code Crim.P. art. 920, we find no errors patent on the face of the record.

---

[1] The juvenile victim is identified by his initials in accordance with La.R.S. 46:1844(W).

## II.  *Anders* Analysis

Defendant's appeal counsel has filed a brief and motion to withdraw in accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967).  The Louisiana Supreme Court differentiated an *Anders* brief from the typical appellate brief in *State v. Jyles*, 96-2669 (La. 12/12/97), 704 So.2d 241.  There, the supreme court explained that "'[u]nlike the typical advocate's brief in a criminal appeal, which has as its sole purpose the persuasion of the court to grant relief,' the *Anders* brief must 'assure the court that the indigent defendant's constitutional rights have not been violated.'" *Id.* at 241 (quoting *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442, 108 S.Ct. 1895, 1903 (1988)).

The *Anders* brief here initially states that there are no non-frivolous issues on which an appeal could be based.  The brief notes that Defendant pled guilty pursuant to a plea agreement with the State—in essence, Defendant pled guilty to the indecent-behavior charge in exchange for a sentencing cap of twenty years and the dismissal of the sexual-battery charge.  The brief then correctly points out that Defendant is precluded from seeking review of his sentence because it was imposed in conformity with the plea agreement. La.Code Crim.P. art. 881.2(A)(2) ("The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.").

Defense counsel's *Anders* brief also asserts that Defendant was represented by a court-appointed attorney when he (Defendant) pled guilty in exchange for a sentencing cap; that Defendant was properly advised of his constitutional rights prior to pleading guilty; and that Defendant knowingly waived those rights prior to his guilty plea.  Thus, Defendant's unconditional plea waived all claims for review, including non-jurisdictional pre-plea defects. *State v. Johnson*, 19-2004 (La. 12/11/20), 314 So.3d 806.

2

The *Anders* brief submitted in this case assures us that Defendant's constitutional rights have not been violated. However, our review does not end here.

A proper *Anders* analysis also imposes requirements on our independent review of the record. The fourth circuit addressed these requirements in *State v. Benjamin*, 573 So.2d 528, 531 (La.App. 4 Cir. 1990), explaining that

> [t]his court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

In sum, this court has performed a thorough review of the record, including the bill of information, minute entries, pleadings, and transcripts. And our review has revealed no issues that would support any assignment of error on appeal.

**DISPOSITION**

For the above reasons, Defendant's conviction and sentence are affirmed; and the motion to withdraw filed by Defendant's appeal counsel is granted.

**CONVICTION AND SENTENCE AFFIRMED;**
**MOTION TO WITHDRAW GRANTED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.