NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

KA 23-569


STATE OF LOUISIANA

VERSUS

EMETERIO L. RIVERA


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 18-1485
HONORABLE KEITH RAYNE JULES COMEAUX, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

GUY E. BRADBERRY
JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of D. Kent Savoie, Guy E. Bradberry, and Wilbur L. Stiles, Judges.


SENTENCES AFFIRMED; MOTION TO WITHDRAW GRANTED.

**M. Bofill Duhe**
**Iberia Parish District Attorney**
**W. Claire Howington**
**Iberia Parish Assistant District Attorney**
**300 Iberia Street, Suite 200**
**New Iberia, LA 70560**
**(337) 369-4420**
**COUNSEL FOR:**
    **State of Louisiana**

**Chad M. Ikerd**
**Louisiana Appellate Project**
**600 Jefferson Street, Suite 903**
**Lafayette, LA 70501**
**(225) 806-2930**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Emeterio L. Rivera**

**Emeterio L. Rivera**
**Louisiana State Penitentiary**
**MPEY/Cypress-4**
**Angola, LA 70712**
**DEFENDANT/APPELLANT:**
    **Emeterio L. Rivera**

**BRADBERRY, Judge.**

On December 4, 2018, Defendant, Emeterio L. Rivera, was charged by bill of indictment with two counts of first degree rape of a juvenile under the age of thirteen, in violation of La.R.S. 14:42, and one count of sexual battery of a juvenile under the age of thirteen, in violation of La.R.S. 14:43.1. On April 9, 2021, Defendant was unanimously convicted as charged following a four-day jury trial. On December 15, 2021, the trial court sentenced Defendant to life imprisonment without the benefit of parole, probation, or suspension of sentence for both counts of first degree rape and thirty years at hard labor with twenty-five years to be served without the benefit of parole, probation, or suspension of sentence for sexual battery. The sentences were ordered to be served concurrently with one another. On appeal, this court affirmed Defendant's convictions but vacated the single sentence imposed for both of his first degree rape convictions. *State v. Rivera*, 22-365 (La.App. 3 Cir. 11/9/22) (unpublished opinion), *writ denied*, 22-1707 (La. 3/14/23), 357 So.3d 825.

On January 19, 2023, Defendant was resentenced to two concurrent terms of life imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence for his two counts of first degree rape. No motion to reconsider sentence or motion for appeal was filed. On June 5, 2023, Defendant filed a pro se application for post-conviction relief seeking an out-of-time appeal of his convictions and sentences. The trial court granted Defendant an appeal of his first degree rape sentences only, after finding his convictions and sexual battery sentence were final judgments, and the trial court appointed appellate counsel.

Defendant's appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), alleging the record contains no non-frivolous issues for appeal and requests this court grant his accompanying motion to

withdraw.  Defendant was advised, via certified mail, that counsel filed an *Anders* brief, and he was given until November 20, 2023, to file a pro se brief.  No such brief was filed by Defendant.  For the following reasons, we affirm the first degree rape sentences and grant appellate counsel's motion to withdraw.

## FACTS

Defendant was the live-in boyfriend of Cheryl Tovar; Ms. Tovar's young granddaughter, A.H., lived with the pair off and on from the ages of eight months to five years old.[1]  Ms. Tovar developed significant medical problems which led to one of her legs being amputated.  Defendant then asked Ms. Tovar's daughter (A.H.'s mother) to move in with them to assist him in caring for Ms. Tovar.  On the day of the move, twelve-year-old A.H. told her mother that Defendant had sexually assaulted her.  Defendant denied the allegations, but subsequent DNA testing linked him to the offenses.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record.  After reviewing the record, we find there are no errors patent.

## *ANDERS* ANALYSIS

Pursuant to *Anders*, 386 U.S. 738, Defendant's appellate counsel filed a brief stating he could find no non-frivolous issues upon which to base an appeal.  Thus, counsel seeks to withdraw.  In *State v. Benjamin*, 573 So.2d 528, 531 (La.App. 4 Cir. 1990), the fourth circuit explained the *Anders* analysis:

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that

---

[1] Pursuant to La.R.S. 46:1844(W), the victim's initials are used to protect her identity.

2

counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

Appellate counsel's *Anders* brief must "'assure the court that the indigent defendant's constitutional rights have not been violated.'" *State v. Jyles*, 96-2669, p. 2 (La. 12/12/97), 704 So.2d 241, 241 (per curiam) (quoting *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442, 108 S.Ct. 1895, 1903 (1988)). Hence, the *Anders* brief must provide "a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place." *State v. Mouton*, 95-981, p. 2 (La. 4/28/95), 653 So.2d 1176, 1177 (per curiam).

Pursuant to *Anders*, 386 U.S. 738, and *Jyles*, 704 So.2d 241, Defendant's appellate counsel filed a brief outlining his assessment of the appellate record. Appellate counsel discusses the facts and procedural history of the case, including Defendant's first appeal wherein we affirmed his convictions and sexual battery sentence. Because the current appeal is before this court after remand for resentencing on the two counts of first degree rape, the only portion of the record now subject to review is the resentencing.

Appellate counsel asserts that after a review of the record, specifically the resentencing transcript, there were no non-frivolous issues to raise on appeal. In his

3

*Anders* brief, appellate counsel stated that the trial court corrected the errors patent discussed by this court in Defendant's first appeal.[2] *Rivera*, 22-365. He notes that first degree rape carries a mandatory sentence of life imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence; therefore, Defendant received the mandatory sentence for each of his first degree rape convictions. La.R.S. 14:42(D)(2). Defendant was also advised of the time limitation for filing an application for post-conviction relief.

Appellate counsel discusses defense counsel's perfunctory objection following the imposition of his sentences but claims "counsel did not state what specifically was being objected to: excessiveness, failure of the trial court to state aggravating or mitigating facts to justify two life sentences, failure to give Mr. Rivera an opportunity to speak, etc." Counsel observes the failure to object to the sentences or to file a motion to reconsider sentence alleging specific grounds precludes review of those specific grounds on appeal, citing La.Code Crim.P. art. 881.1(E), and *State v. Meaux*, 21-522 (La.App. 3 Cir. 2/23/22), 335 So.3d 309. Thus, appellate counsel states that a bare excessiveness review would be performed by this court, but he notes that Defendant was sentenced to the mandatory minimum sentences. In *State v. Thomas*, 50,898, p. 22 (La.App. 2 Cir. 11/16/16), 209 So.3d 234, 247–48, the second circuit discussed a downward departure from the mandatory minimum sentence as follows:

> [T]he downward departure from a mandatory minimum sentence may occur in rare circumstances if the defendant rebuts the presumption of constitutionality by showing clear and convincing evidence that he is exceptional, namely, that he is a victim of the legislature's failure to

---

[2]We determined there were two errors patent which warranted vacatur of the sentence. First, the single sentence imposed for two counts of first degree rape rendered the sentence indeterminate. Second, the trial court failed to order the sentences be served at hard labor despite La.R.S. 14:42(D)(2) requiring a first degree rape sentence to be served at hard labor.

4

assign sentences that are meaningfully tailored to the gravity of the offense, the culpability of the offender, and the circumstances of the case.

. . . . The "rare circumstances" in which a mandated sentence can be altered are even less likely in the case of a life sentence chosen by the legislature for a single crime, such as aggravated rape or second degree murder. *State v. Chandler*, [41,063 (La.App. 2 Cir. 9/8/06), 939 So.2d 574, *writ denied*, 06-2554 (La. 5/11/07), 955 So.2d 1277]. In such crimes, unlike the mandatory minimum sentence under the habitual offender law, the "tailoring" of the sentence by the legislature was for life because the culpability of offenders and the gravity of the offense are so great. *Id.*

Because it was Defendant's burden of showing the trial court that he was entitled to a downward departure from the mandatory life sentences, his failure to argue for a downward departure prior to sentencing and his failure to file a motion to reconsider the sentences precludes him from arguing his mandatory sentences are excessive on appeal.

In the present case, the appeal is limited to resentencing. In accordance with *Anders* and *Jyles*, we have performed a thorough review of the record, including the minute entry of resentencing and the resentencing transcript. Defendant was present and represented by counsel at the resentencing proceeding, and he received legal sentences for his convictions. We have found no issues which would support an assignment of error on appeal. Accordingly, Defendant's sentences are affirmed and appellate counsel's motion to withdraw is granted.

**SENTENCES AFFIRMED; MOTION TO WITHDRAW GRANTED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.